Robert J. Murphy, Esquire
Attorney I.D. No. 1555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Attorney Pro Se

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE MICHELE MARINARI     :   CASE NO. 2:14-BK-19066-JKF

         Debtor      :   Chapter 13

## NOTICE OF ROBERT MURPHY, JUDGMENT CREDITOR'S, EXPEDITED/EMERGENCY MOTION TO RECONSIDER, VACATE AND MAKE FINDINGS OF FACT AND/OR ALTER OR AMEND THE FINAL JUDGMENT ENTERED MAY 17, 2017 AND FOR RELIEF FROM A FINAL JUDGMENT ENTERED MAY 17, 2017 UNDER THE UNITED STATES CONSTITUTION, AMENDMENT V, APPLICABLE LAW INCLUDING BUT NOT LIMITED TO F.R.C.P. 52, 59, 60, BANKRUPTCY RULES 7052, 9023 AND 9024

Judgment Creditor has filed the above described expedited/emergency motion on May 27, 2017 to reconsider, vacate and make findings of fact and/or alter or amend the final judgment entered May 17, 2017 and for relief from the foregoing final judgment under the United States Constitution, Amendment V, applicable law including but not limited to F.R.C.P. 52, 59, 60, Bankruptcy Rules 7052, 9023 and 9024 and Local Rules and in accordance with the limited appeal period provided judgment creditor to appeal from the final judgment by the Court dismissing the captioned matter and closing the adversary proceeding and imposing conditions thereto under the applicable Rules to appeal the Court's final judgment entered May 17, 2017.

**Your rights may be affected. You should read the papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (if you do not have an attorney, you may wish to consult with an attorney.**

1. If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before May 30, 2017 at 9:30 AM you or your lawyer must do **all** the following:

#131

a.      File an Answer explaining your position at the United States Bankruptcy Court, Robert N.C. Nix Bldg., 900 Market Street, Philadelphia, PA 19106.

b)      Mail a copy to: Robert J. Murphy, 7 Coopertown Road , Haverford, Pa 19041 and other interested parties.

c)      Mail a copy to: Andy Vara, Acting U.S. Trustee, Office of the United States Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107

2. If you or your attorney do not take the steps described in paragraph 1 (a) and 1 (b) above , the court may enter an order granting the relief requested in the Motion.

3. If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph (b).

Date:    May 27, 2017

Robert J. Murphy, Esquire
Attorney I.D. No. 1555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Attorney Pro Se

## U.S. BANKRUPTCY COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE MICHELE MARINARI    :  CASE NO. 2:14-19066-JKF

           Debtor    :  Chapter 13

### PROPOSED ORDER

AND NOW THIS _____ DAY OF <u>2017</u> upon consideration of Robert Murphy,

judgment creditor's, expedited/emergency motion to reconsider, vacate and make findings of fact

and/or alter or amend the final judgment entered May 17, 2017 and for relief from a final

judgment entered May 17, 2017 and any response thereto the motion is granted and the order

entered May 17, 2017 be and is hereby vacated and an evidentiary hearing on Robert Murphy's

objections and motions to convert and request for sanctions is scheduled for 30 days from the

date of the Court's order.


                                              _____
                                              Hon. Jean K. FitzSimon
                                              BANKRUPTCY JUDGE

Robert J. Murphy, Esquire
Attorney I.D. No. 1555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Attorney Pro Se

## U.S. BANKRUPTCY COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE MICHELE MARINARI      :   CASE NO. 2:14-19066-JKF

           Debtor      :   Chapter 13

## ROBERT MURPHY, JUDGMENT CREDITOR'S, EXPEDITED/EMERGENCY MOTION TO RECONSIDER, VACATE AND MAKE FINDINGS OF FACT AND/OR ALTER OR AMEND THE FINAL JUDGMENT ENTERED MAY 17, 2017 AND FOR RELIEF FROM A FINAL JUDGMENT ENTERED MAY 17, 2017 UNDER THE UNITED STATES CONSTITUTION, AMENDMENT V, APPLICABLE LAW AND DECISIONS INCLUDING BUT NOT LIMITED TO 11 U.S.C. A. SECTION 105, 1307, 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60, BANKRUPTCY RULES 1017 (f) (2), 7052, 9023 AND 9024, INTER ALIA

Robert Murphy, judgment creditor (hereinafter Murphy) hereby files the following

expedited and emergency motion and respectfully requests this Honorable Court to reconsider,

vacate and/or make findings of fact and/or alter or amend the final judgment entered May 17,

2017 and/or for relief from the foregoing final judgment under the United States Constitution,

Amendment V, applicable law and decisions including but not limited to 11 U.S.C. A. 105, 1307,

1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60 Bankruptcy Rules 1017 (f) (2), 7052, 9023 and

9024, inter alia, and in support asserts the following:

1

1. On May 17, 2017 the Court entered the following order dismissing judgment debtor's, Marinari's, abusive, bad faith, fraudulent and illegal captioned Chapter 13 bankruptcy case pursuant to Section 1307 (b); closed the adversary proceeding by Murphy against Michele Marinari, judgment debtor, (hereinafter Marinari) No. 15-0124; and imposed conditions that in the event debtor files another bankruptcy case within two years from the date hereof, the adversary proceeding which Mr. Murphy filed against debtor, namely adversary No. 15-0124, shall resume where it currently stands, which is that: (i) discovery is complete; (ii) the parties filed their joint pretrial statement (see docket entries No. 107); and (iii) a pretrial hearing should be promptly held to discuss the joint pretrial statement and schedule a trial date. A true and correct copy of the pertinent portions of the court's foregoing orders May 17, 2017 and February 22, 2017 are attached hereto as Exhibit 1.

2. On February 22, 2017 the bankruptcy court dismissed the captioned matter pursuant to Marinari's illegal, improper, unauthorized and bad faith purported praecipe pursuant to Section 1307 (b) of the Bankruptcy Code without Marinari filing and serving a mandatory formal motion and brief together with 14 day notice on Murphy to dismiss debtor's captioned Chapter 13 proceedings pursuant to Section 1307 (b) and applicable law and decisions which Murphy appealed and filed a motion to vacate which the Court granted pending appeal, inter alia.

3. At all material times hereto, debtor, Marinari, has never filed or served on Murphy or anyone including the Trustee any mandatory formal motion to dismiss Marinari's captioned Chapter 13 proceedings together with briefs and mandatory 14 day notice to dismiss debtor's captioned Chapter 13 proceedings pursuant to Section 1307 (b) including with or without any conditions at any time contrary to the foregoing authorities, applicable law and decisions

2

including Section 1307 (b), inter alia, including bankruptcy rules 1017 (f) (2) and local rules causing irreparable prejudice to Murphy, the Trustee, the court and the public.

4. On April 20, 2017 following the District Court's order remanding Murphy's appeal from the Court's foregoing dismissal order dated February 22, 2017 dismissing the captioned matter pursuant to debtor's illegal, improper and unauthorized foregoing purported praecipe to dismiss, the bankruptcy court entered an order granting Murphy's motion to vacate the Court's foregoing dismissal order and vacated the Court's prior dismissal order dated February 22, 2017 dismissing debtor's Marinari's bankruptcy case pursuant to an improper purported praecipe by debtor, Marinari, filed February 16, 2017 to purportedly dismiss the case pursuant to Section 1307 (b) contrary to the foregoing authorities and applicable law. See Exhibit 2.

5. The Court further ordered that a hearing shall be scheduled solely for oral argument on May 10, 2017 limited entirely to whether any debtor has an *"absolute right to dismissal under Section 1307 (b)"* of the Bankruptcy Code together with any additional briefing limited to this foregoing issue only which had been previously and repeatedly orally argued, objected and briefed by Murphy on numerous occasions and hearings including in the multiple objections, request for sanctions and supplemental objections and motions to convert Marinari's captioned Chapter 13 proceedings filed on or about May 14, 2015, May 16, 2015 and initial and joint pretrial statement filed March 10, 2017 and orally argued on May 10, 2017 involving this foregoing issue involved at the 5/10/2017 hearing pursuant to the Court's foregoing order entered 4/20/2017! At the hearing on May 10, 2017 the Court inquired whether plaintiff was entitled to an order granting his motion and objections to convert debtor's Chapter 13 proceedings under Section 1307 (c) based on debtor's admitted and overwhelming improprieties, illegality, abuse, fraud and bad faith pursuant to plaintiff's foregoing repeated pending

3

objections, motions and briefs therefore in accordance with the Court's foregoing order limiting the foregoing issue at the hearing involving only whether any debtor has an absolute right to dismissal under Section 1307 (b) of the Bankruptcy Code and applicable law pursuant to the Court's foregoing 4/20/17 order to which plaintiff reiterated his foregoing objections and arguments that debtor was not entitled to an "absolute right to dismiss under Section 1307 (b)" and had forfeited that right based on her overwhelming and admitted abusive, illegal, fraudulent and bad faith Chapter 13 proceedings, inter alia, including in accordance with the vast majority of circuit court decisions including the Supreme Court's decision in *Marrama v Citizens Bank of Massachusetts,* 549 U.S. 365 (2007) pursuant to the fundamental equitable purpose of the Bankruptcy Code enacted to protect the innocent and unfortunate debtor which cannot be used as a legal mechanism by debtors and their counsel to commence, prosecute and dismiss abusive, illegal, fraudulent and bad faith bankruptcy proceedings including Chapter 13 proceedings as in the captioned matter contrary to Section 105, 1307 (b) (c) and the foregoing decisions particularly where debtor's continuous actual fraudulent misconduct was admittedly overwhelming including repeated misrepresentations to the Court, the Trustee and creditors including Murphy since the inception of the captioned proceedings causing continuing irreparable prejudice and damages to creditors including Murphy, the Trustee, the Court and the public particularly where no formal mandatory motion including briefs and notice to dismiss the case pursuant to Section 1307 (b) has ever been filed by Marinari or her counsel at any time including prior to the May 10, 2017 hearing properly moving to dismiss pursuant to Section 1307 (b) while Murphy's foregoing motion pursuant to 1307 (c) and 105 had been pending for over two and a half years without any hearing or decision! See e.g. Exhibit 2.

4

6.     At all material times hereto, the Court never properly and timely advised, notified or ordered Murphy to brief or argue any issue other than the foregoing limited issue regarding a debtor's alleged absolute right to dismiss pursuant to Section 1307 (b) while Murphy's foregoing objections and motion to convert had been pending for almost two and a half years pursuant to the Court's foregoing 4/20/17 order including specifically whether the Court had any authority or should impose and attach any conditions to any order granting a formal motion to dismiss Chapter 13 proceedings or that the Court might consider scheduling an evidentiary hearing to determine whether there were any grounds to impose any adequate conditions and sanctions based on Marinari's and her counsel's foregoing abusive, illegal, fraudulent and bad faith proceedings while simultaneously ordering dismissal pursuant to Section 1307 (b) including in particular where Marinari never filed a mandatory formal motion to dismiss the captioned Chapter 13 proceeding pursuant to Section 1307 (b) with or without any alleged conditions and while Murphy's objection and motion to convert had been pending for approximately two years since May of 2015 without any hearing or decision thereon causing continuing prejudice to Murphy, the Trustee, the Court and the public. See e.g. Exhibits 1-2 incorporated herein; see the multiple objections, sanctions and supplemental objections and motions to convert Marinari's captioned Chapter 13 proceedings filed on or about May 14, 2015, May 16, 2015 and initial and joint pretrial statement filed March 10, 2017 and orally argued on May 10, 2017 incorporated herein. See e.g. the following cases specifically deciding that the debtor's alleged right to dismissal under Section 1307 (b) is not absolute but subject to forfeiture and fundamental bad faith exception pursuant to Section 1307 (c) and the fundamental equitable purposes under the Code to utilize Chapter 13 proceedings only to protect the innocent but unfortunate debtor not as a vehicle to utilize the Court to enable the debtor to engage in illegal and fraudulent misconduct

5

to injure and damage all creditors including Murphy, the Courts, Trustees and the public including *Marrama; In re Kaiser Aluminum Corp.,* 456 F.3d 328, 340 (3d Cir. 2006); *In re Jacobsen,* 609 F.3d 647, 660 (5th Cir. 2010), *In re Molitor,* 76 F.3d 218 (8th Cir. 1996), *In re Rosson,* 545 F.3d 764 (9th Cir. 2008); *In re Fleurantin,* 420 Fed. Appx. 194, 2011 U.S. App. LEXIS 6322, p. 7 (although not precedential this decision is persuasive and relies on *Kaiser,* supra); *Taylor v. Winnecour,* 460 B.R. 673; *In re: Caola,* 422 B.R. 13 (U.S.B.C., NJ 2010) collecting cases and relying on *In Re: Armstrong,* 408 B.R. 559 (E.D.NY 2009) concluding Second Circuit's theory of debtor's absolute right under Section 1307 (b) is no longer appropriate authority including relying on the Supreme Court's Marrama's analysis, inter alia; *In Re Jensen,* 369 B.R. 210; *In Re Chambers, Bankr. LEXIS 334.*

7.     At all times material hereto, at the May 10, 2017 hearing the Court advised that it intended to adopt and follow the minority decisions concluding that a Chapter 13 debtor had an absolute right to voluntarily dismiss Chapter 13 proceedings without regard or consideration of the Chapter 13 debtor's, Marinari's, admitted and overwhelming improper, abusive, illegal, fraudulent and bad faith misconduct and reckless disregard for the truth contrary to the foregoing authorities and decisions (*Marrama* and its progeny) explaining the fundamental purposes served by the Bankruptcy Code pursuant to Sections 105 and 1307 (c), inter alia, and requested Marinari's counsel provide a proposed form of order therefore.

8.     At all times material hereto, in response to Marinari's purported proposed order filed on May 17, 2017 and prior to entry of the Court's foregoing 5/17/17 order dismissing the Chapter 13 proceedings pursuant to Section 1307 (b), inter alia, Murphy's objections were filed including reiterated his foregoing objections including sanctions including filing an objection and request to impose sanctions and conditions on Marinari and her counsel equal to the amount of the prior

6

judgment (in the amount of $35,000) plus interest, inter alia. See e.g. Exhibit 2 incorporated herein.

9.    Murphy has filed the above described expedited/emergency motion to reconsider, vacate and make findings of fact and/or alter or amend the foregoing final judgment entered May 17, 2017 and for such other relief as is warranted including equitable relief from the foregoing final judgment entered May 17, 2017 under the United States Constitution, Amendment V, applicable law and decisions including the vast weight of authority pursuant to Circuit appellate decisions including but not limited to 11 U.S.C. A. 105, 1307, 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60 Bankruptcy Rules 1017 (f) (2), 7052, 9023 and 9024, inter alia, dismissing the captioned Chapter 13 bankruptcy matter pursuant to Section 1307 (b) and closing the adversary proceeding No. 15-0124 and imposing the foregoing inappropriate, insufficient and inadequate conditions thereto pursuant to the foregoing applicable Rules, authorities and decisions and the limited time within which Murphy has to appeal the Court's final judgment entered May 17, 2017 pursuant to B.R. 8002 to prevent continuing irreparable prejudice to the Court, the Trustee, the creditors including Murphy and the public resulting from Marinari's continuous and overwhelming and admitted improper, actual fraudulent, abusive, bad faith, illegal misconduct and reckless indifference to the truth involving the captioned Chapter 13 petition and proceedings over the last two and a half years filed by Marinari and counsel commencing on November 14, 2014.

10.    At all times material hereto, as previously noted it is undisputed that on or about November 12, 2014 Murphy, judgment creditor, entered a final judgment imposing liability against judgment debtor, Michele Marinari, AKA Michele Frank (hereinafter Marinari) based on Marinari's admitted continuous actual fraudulent misconduct including involving Marinari's fraudulent scheme including fraudulent and illegal preferential transfers and debt incursions

7

contrary to applicable law including 12 Pa. C.S.A. 5101 et seq. captioned: Murphy v. Marinari, et al., Court of Common Pleas, Delaware County, Pennsylvania No. 2013-010207 incorporated herein as though fully set forth.

11.   At all times material hereto, prior to the entry of the foregoing final judgment in the Delaware County Court of Common Pleas in Pennsylvania at No. 2013-010207 Murphy had previously entered final judgment on or about 9/13/06 against Marinari based on Marinari's actual fraudulent misconduct obtaining money from Murphy in the amount of $35,000.00 in the action captioned: Murphy v. Michele Frank, AKA Michele Marinari, et al. at No. 04-14217 in the Court of Common Pleas, Delaware County, Pennsylvania incorporated herein as though fully set forth.

12.   At all times material hereto, including prior and subsequent to Marinari's filing of Marinari's captioned improper, bad faith, abusive, fraudulent and illegal Chapter 13 bankruptcy petition on November 14, 2014, for approximately 15 years Marinari has continuously, deliberately and admittedly engaged in continuous, illegal and actual fraudulent misconduct and schemes resulting in Murphy's foregoing final judgments against Marinari including to prevent Murphy from satisfying the foregoing final prior judgments including but not limited to Marinari filing the foregoing bad faith, improper, abusive, false, illegal and fraudulent Chapter 13 bankruptcy proceedings, petition, schedules and 341 hearing and false statements under oath over the last approximate two and a half years including purported praecipe to dismiss the captioned Chapter 13 proceedings on February 16, 2017 without a mandatory motion purportedly pursuant to Section 1307 (b).

8

13. At all material times hereto and as noted above, on November 14, 2014 two days after the prior judgment had been entered against Marinari at No. 2013-010207, Marinari filed a purported improper, bad faith, illegal, fraudulent, abusive Chapter 13 petition based on her continuous manifest bad faith, abuse of process, not in accordance with law, fraudulent misconduct and reckless indifference to the truth including but not limited to repeated material delay of Murphy's pending state court proceedings and judgments against debtor contrary to all the foregoing authorities, decisions, rules and applicable law.

14. At all material times hereto, including prior and subsequent to Marinari's filing of Marinari's captioned improper, bad faith, fraudulent and illegal Chapter 13 bankruptcy petition, Marinari has continuously filed an improper, illegal, abusive, fraudulent, bad faith Chapter 13 petition, proceedings and purported praecipe to dismiss her Chapter 13 proceedings contrary to the foregoing authorities based on her manifest continuous abusive, bad faith, illegal and actual fraudulent misconduct and reckless indifference to the truth including but not limited the following illegal, abusive, improper, bad faith and fraudulent misconduct and reckless indifference to the truth in the captioned matter including but not limited to: obtaining money from Murphy based on her actual fraudulent misconduct resulting in the foregoing final judgment in favor of Murphy against Marinari in the amount of $35,000 entered on or about 9/13/06; continually hiding and absconding with her assets and avoiding execution since 9/13/06 on the foregoing final judgments for approximately 11 years; illegally hiding and transferring her assets and incurring debts including preferential transfers in excess of $25,000.00 including the settlement proceeds from her settlement in excess of $25,000.00 in an action captioned Marinari v. Williams, et al. Delaware County Court of Common Pleas No. 09-5606 involving the foregoing final judgment in favor of Murphy against Marinari in the Court of

9

Common Pleas, Delaware County, Pennsylvania No. 04-14217; repeated falsified statements and schedules under oath including 341 hearing proceedings and hearing involving the nature, source and extent of her financial affairs, assets, gifts, income, expenses, payments, settlements, debts, transfers; concealment of debtor's assets, fraudulent transfers and debt obligations; falsification of records; fraudulent preferential transfers and payments; litigation tactics; delaying state court proceedings; improper purposes; reckless indifference to the truth; employment status; failure to list her position as an officer of several fraudulent business entities utilized by debtor to actually fraudulently obtain money from money including as president of Dents and Details, Inc. involving debtor's restoration of Murphy's antique automobile; and repeated deliberate misrepresentations and false statements and proceedings to the Trustee, the Court and creditors including Murphy causing irreparable prejudice to the Court, the Trustee, the public, the creditors including Murphy contrary to all the foregoing authorities including 11 U.S.C.A. Section 101, 105, 1307, 1324, 1325, 18 U.S.C.A. 152 and applicable law and decisions. See e.g. Marinari's bad faith and illegal, falsified Chapter 13 petition with attached exhibits and schedules under oath; falsified testimony under oath including transcripts/disc of Marinari's 341 hearing; Marinari's repeated false answers to interrogatories under oath; Murphy's foregoing final judgments based on Marinari's repeated fraudulent schemes; Murphy's foregoing objections and supplemental objections and motions to convert and attached exhibits thereto; Murphy's pretrial and the joint pretrial statements; Murphy's adversary proceedings; Murphy's motion to reconsider the Court's order granting dismissal pursuant to debtor's praecipe entered 5/22/17; Marinari's failure to deny the allegations in Murphy's foregoing motion to reconsider the judgment entered on or about 5/22/2017; Marinari's foregoing purported praecipe to dismiss pursuant to Section 1307 (b) without a mandatory motion or notice to avoid the Court from

10

entering an order granting Murphy's objections, sanctions and motion to convert and awarding

damages and adequate, sufficient, appropriate sanctions against Marinari and/or her counsel to

prevent continuing irreparable prejudice to the Court, the Trustee, the public, creditors including

Murphy in accordance with the foregoing authorities, decisions and rules, inter alia. See e.g.

*Marrama; In re Cohen*, 106 F.3d 52 (3d Cir. 1997) aff'd 523 U.S. 213, 218; *Grogan* v.

*Garner,* 498 U.S. 279, 287; *In Re Forever Green Ath. Fields, Inc.,* 804 F.3d 328 (3rd Cir. 2015);

*In re Lilley*, 91 F.3d 491 (3d Cir. 1996); *Tamecki v. Frank,* 229 F.3d 205 (3rd Cir. 2000); *In re

Love,* 957 F.2d 1350 (7th Cir. 1992); *Molitor; Taylor.*

15.    Although all authorities presently do not agree including within this Circuit and the Third

Circuit has not specifically ruled on the fraudulent, bad faith, illegal, abuse of process exception

pursuant to the foregoing authorities and decisions including 105, 1307 (c) prohibiting

Marinari's illegal, fraudulent, bad faith and abusive Chapter 13 proceedings including praecipe

to dismiss pursuant to 1307 (b) without any formal mandatory motion, the majority of decisions

including all the foregoing authorities including the Third Circuit have repeatedly relied on and

focused on the fundamental integrity and equitable nature and purpose served under the

bankruptcy code preventing the foregoing illegal, abusive, fraudulent and bad faith misconduct

regarding all proceedings under the Code which also absolutely forbids dishonest and fraudulent

debtors including Marinari and her counsel from using the Bankruptcy Code Chapter 13

provisions and this Court as a mechanism to continually engage in their foregoing bad faith,

abusive, illegal and fraudulent misconduct and which would invite all debtors to repeatedly

commence and prosecute illegal, bad faith, fraudulent and abusive Chapter 13 proceedings in

order to injure and damage creditors including Murphy, the Court, the Trustees and the public

11

which is exemplified under the foregoing decisions and statutory provisions including 105, 1307 (c).

16. At all material time hereto, Murphy respectfully submits that the proper analysis to determine the fundamental Congressional intent involving the Code and in particular Section 1307 (b) (c) and prevent an absurd result manifestly requires this Court to vacate, reconsider and alter or amend its decision and judgment entered 5/17/2017 including erroneously concluding that Marinari has an absolute right to dismiss her Chapter 13 proceedings, closing Murphy's adversary proceedings and imposing inadequate, insufficient and inappropriate conditions which fail to provide any adequate relief to creditors including Murphy, the Court, the Trustee and the public including necessary to prevent Marinari or any debtors from continuing to use the Code including Chapter 13 and the Court to illegally, abusively, fraudulently and in bad faith injure creditors including Murphy, the Court, the Trustees and the public which Congress obviously never intended in enacting Section Chapter 1307 (b) and without any mandatory formal motion required under Section 1307 (b), inter alia. See e.g. *Marrama; Grogan; Green Fields; Kaiser, Jacobsen, Taylor, Molitor, Fleurantin.*

17. As noted, the foregoing decisions have repeatedly decided that Section 1307(b) is not absolute and permits the courts to consider factors such as a debtor's good faith or lack thereof , fraud, litigation tactics, purpose, reckless indifference to the truth, damages, sanctions and abuse of process and the consequences to creditors in deciding whether to grant or deny a debtor's Motion to Dismiss albeit Marinari admittedly has never filed, served or notified Murphy, the court, the trustee or creditors pursuant to any mandatory formal motion to dismiss pursuant to Section 1307 (b). Accordingly the foregoing decisions have repeatedly denied a debtor's bad faith, fraudulent, illegal, improper and abusive motion to dismiss bad faith, abusive, illegal,

12

fraudulent Chapter 13 proceeding including a bad faith 1307 (b) motion had one been filed contrary to the foregoing decisions and authorities including 105 and 1307 (c), inter alia, particularly where creditor's including Murphy's motion, objections and request for sanctions in accordance with the foregoing authorities and decisions has been pending for almost two years prior to Marinari's bad faith and abusive purported praecipe to dismiss pursuant to 1307 (b) and contrary to all the foregoing authorities and Murphy's fundamental right to due process, notice and an opportunity to be heard regarding all the issues including whether or not the Court should schedule a bad faith hearing in order to determine whether to impose sufficient, adequate and appropriate conditions in conjunction with a Section 1307 (b) dismissal order and prior to the court's 5/17/2017 order to dismiss pursuant to Section 1307 (b) and close adversary proceedings and impose improper, inadequate, inappropriate and insufficient conditions which failed to provide adequate relief to creditors, Murphy, the Court, the Trustees and the public contrary to the United States Constitution Amendment V and the foregoing decisions, authorities and rules.

18.     At all times material hereto, Murphy submits Marinari's and her counsel's Chapter 13 petition and proceedings including proceedings/praecipe to dismiss pursuant to Section 1307 (b) were clearly improper, unauthorized, illegal, abusive, fraudulent and filed and prosecuted in bad faith and contrary to Murphy's multiple and supplemental pending objections, request for sanctions and motions to convert Marinari's Chapter 13 petition to a Chapter 7 proceeding and repeated requests for sanctions and damages resulting from Marinari's foregoing bad faith and abusive Chapter 13 proceedings in violation of all the foregoing authorities, rules and decisions including 11 U.S.C.A. Section 105, 1307 (b) (c) causing continuing irreparable injury and damages to creditors including Murphy, the Court, the Trustees and the public. Accordingly,

13

Murphy respectfully submits the Court abused its discretion and/or erred in entering its 5/17/2017 order. See Exhibits 1-2 and foregoing authorities and decisions.

19. At all times material hereto, Murphy further respectfully submits that the Court's 5/17/2017 foregoing order imposing contingent sanctions including without timely and proper notice to Murphy and contrary to the court's 4/20/2017 order relied on by Murphy that in the event debtor files another bankruptcy petition within two years of the date of the Court's order, Murphy's adversary proceeding against the debtor at No. 15-0124 shall resume where it currently stands is clearly ineffective, inadequate, insufficient, inappropriate, erroneous and/or an abuse of discretion and contrary to all the foregoing authorities and decisions and does not provide necessary, adequate, effective, appropriate and sufficient remedy and relief to redress and protect all creditors including Murphy, the Court, the Trustees and the public against Marinari and her counsel's continuous overwhelming and indisputable foregoing illegal, fraudulent, bad faith, improper and abusive Chapter 13 proceedings including praecipe to dismiss pursuant to Section 1307 (b) and erroneously effectively invites Marinari to again utilize the same foregoing abusive Chapter 13 proceedings in the future to avoid Murphy's attempts to prosecute, execute and obtain satisfaction of the foregoing judgments against Marinari including through any state court proceedings manifestly contrary to all the foregoing authorities, rules and decisions including 105, 1307 (b) (c) necessary to prevent continuing injury to creditors including Murphy, the Court, the Trustees and the public. See, e.g. *Marrama* and its progeny.

20. At all times material hereto and as previously noted, Murphy specifically relied on the Court's prior April 20, 2017 order, briefs and argument at the May 10, 2017 hearing limited entirely to any creditor including Marinari's alleged absolute Section 1307 (b) right to dismissal only albeit without any mandatory 1307 (b) motion and notice to Murphy, inter alia, particularly

14

where the court failed to provide any timely and proper notice to Murphy, creditors or the trustee regarding any other issue including specifically authority and imposition of any sanctions while simultaneously dismissing the Chapter 13 proceedings pursuant to Section 1307 (b) contrary to foregoing applicable law, rules and authorities. Accordingly any alleged failure by Murphy to brief or argue whether the Court had the authority or should have scheduled an evidentiary hearing to determine whether there were grounds for imposing any conditions on the 1307 (b) dismissal including adequate conditions and sanctions was never an issue including at the May 10, 2017 hearing and/or alternatively results from Murphy's mistake, inadvertence, surprise, or excusable neglect and other justifiable reasons because Murphy justifiably relied on the Court's April 20, 2017 order which limited the only issue regarding briefing and argument on May 10, 2017 entirely to Marinari's purported absolute right to a Section 1307 (b) dismissal without consideration of the exception pursuant to Section 1307 (c) in accordance with the foregoing rules, authorities and decisions. Accordingly, Murphy respectfully submits that he is entitled to relief in accordance with the foregoing authorities, rules and decisions including F.R.C.P. 52, 59, 60 (b) (1) (3) (4) (6), (d) (3) including to prevent continuing irreparable prejudice to creditors, Murphy, the Courts, the Trustees and the public. See e.g. *Pioneer Inv. Servs. V. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993) affirming petitioner investment services company challenge to a judgment of the United States Court of Appeals for the Sixth Circuit, which reversed a district court ruling denying respondent creditors' motion to permit the tardy filing of their proof of claim including resulting from the Court's form of notice which was excusable; *In Re Prudential,* 177 F.R.D. 216 (U.S.D.C. 1997) reiterating foregoing principles including failure to properly disseminate specific and adequate notice specifically involving extension of time to opt-out of a class action settlement requires appropriate relief from the judgment and in accordance

15

with fundamental due process, rights of the class; *Manus Corp. v. N.R.G. Energy Inc.,* 188 F. 3d 116 (3rd Cir 1999) relying on *Pioneer*, inter alia, and reiterating the factors including lack of prejudice to debtor, length of and reason for delay, impact on judicial proceedings, good faith of movant/creditor and insufficient/inadequate notice provided pursuant to a plan to creditor, *Manus,* involving *Manus'* failure to assert his claim pursuant to the inadequate notice in the plan entitling *Manus* to relief from judgment in bankruptcy action as excusable neglect entitling *Manus* to equitable relief.

21.    At all times material hereto, Murphy respectfully submits the following entitling Murphy to relief under F.R.C.P. 52, 59 and/or 60: that debtor will sustain no prejudice; there is no inappropriate impact on judicial proceedings; there is no unreasonable delay; Murphy reasonably relied on the court's 4/20/2017 order limiting the 1307 (b) proceeding as to whether any debtor had an absolute right to dismiss pursuant to Section (b) without consideration of the exceptions under 105 and 1307 (c) as the only issue to be briefed and argued including at the 5/10/2017 hearing and applicable law and decisions including *Marrama* and its progeny; Marinari did not file or serve any mandatory motion seeking relief under Section 1307 (b); Marinari and the court never provided any motion, notice or order including timely and adequate notice regarding any issue other than as specifically and expressly limited pursuant to the court's foregoing 4/20/2017 order which did not involve authority and imposition of sanctions under Section 1307 (b) and/or scheduling a hearing on Murphy's pending motion under Section 1307 (c) to determine whether any appropriate conditions/sanctions should be imposed on Marinari in the event the court dismissed the matter pursuant to Section 1307 (b) albeit without any mandatory motion. See e.g. the foregoing rules and authorities including *Marrama* and its progeny; *Pioneer; Manus; Prudential.*

16

22. At all times material hereto and as previously noted, Murphy submits that the Chapter 13 proceedings including improper and fraudulent purported praecipe to dismiss Marinari's Chapter 13 proceedings pursuant to Section 1307 (b) and the Court's 5/17/2017 judgment dismissing Marinari's Chapter 13 proceedings based thereon pursuant to Section 1307 (b) are clearly based on Marinari's admitted, indisputable, overwhelming, bad faith, abusive and fraudulent misconduct on the Court as well as Murphy and the Trustee clearly contrary to all the foregoing rules, authorities and decisions and accordingly Murphy respectfully requests this Court grant relief in accordance with all the foregoing rules, authorities and decisions including 11 U.S.C.A. 105, 1307, 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60 (b) (3), (d) (3), B.R. 1017 (f) (2), 7052, 9023, 9024 to prevent continuing illegal, abusive, bad faith and fraudulent conduct on the Court as well as creditors, Murphy, the Trustees and the public contrary to all the foregoing authorities.

23. Murphy respectfully submits that this Honorable Court abused its discretion and/or erroneously entered the foregoing 5/17/2017 order to dismiss the captioned Chapter 13 petition pursuant to Section 1307 (b) closing Murphy's adversary proceedings at No. 15-0124 and imposed conditions that in the event debtor files another bankruptcy case within two years from the date hereof, the adversary proceeding which Mr. Murphy filed against debtor, namely adversary No. 15-0124, shall resume where it currently stands, which is that: (i) discovery is complete; (ii) the parties filed their joint pretrial statement (see docket entries No. 107); and (iii) a pretrial hearing should be promptly held to discuss the joint pretrial statement and schedule a trial date contrary to all the foregoing authorities, reasons, rules and decisions including 105 and 1307 (c) including where Marinari's Chapter 13 petition and proceedings and praecipe, inter alia, were clearly, unauthorized, illegal, improper, abusive, fraudulent and filed in bad faith and without any findings or affording Murphy timely, proper and adequate notice and an opportunity

17

to respond to whether the Court should impose adequate and effective, sufficient and meaningful conditions on its 1307 (b) dismissal order and be heard contrary to all the foregoing authorities, decisions, rules and Murphy's fundamental right to due process under the United States Constitution Amendment V to prevent continuing injury to creditors including Murphy, the Court, the Trustee and the public.

WHERFORE, Murphy respectfully requests this Honorable Court grant the within motion pursuant to 11 U.S.C.A. 105, 1307, 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60 (b) (3), (d) (3), B.R. 1017 (f) (2), 7052, 9023, 9024 and applicable law and foregoing decisions and immediately vacate, alter, amend and/or reconsider the Court's prior 5/17/2017 order to dismiss Marinari's improper, illegal, fraudulent bad faith and abusive Chapter 13 petition and proceedings and praecipe filed contrary to all the foregoing authorities, rules and decisions and without findings and in violation of Murphy's right to due process including an opportunity to respond and be heard regarding imposition of meaningful, sufficient, adequate and appropriate conditions and sanctions to any 1307 (b) dismissal order and schedule an evidentiary hearing regarding Marinari's foregoing illegal and bad faith proceedings and/or other such orders that are warranted in the interest of justice pursuant to all the foregoing authorities, reasons, rules and decisions and in accordance the attached memorandum to prevent continuing irreparable prejudice to creditors, Murphy, the Trustee, the Court and the public resulting from Marinari's admitted, indisputable, overwhelming, illegal, fraudulent, improper, abusive, bad faith Chapter 13 petition and proceedings.

Respectfully submitted,

/s/_____
Robert J. Murphy, Esquire
Pro Se

18

Robert J. Murphy, Esquire
Attorney I.D. No. 1555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Attorney Pro Se

## U.S. BANKRUPTCY COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE MICHELE MARINARI     : CASE NO. 2:14-19066-JKF

              Debtor     : Chapter 13

## ROBERT MURPHY'S, JUDGMENT CREDITOR'S, MEMORANDUM OF LAW SUR EXPEDITED/EMERGENCY MOTION TO RECONSIDER, VACATE AND MAKE FINDINGS OF FACT AND/OR ALTER OR AMEND THE FINAL JUDGMENT ENTERED MAY 17, 2017 AND FOR RELIEF FROM A FINAL JUDGMENT ENTERED MAY 17, 2017 UNDER THE UNITED STATES CONSTITUTION, AMENDMENT V, APPLICABLE LAW INCLUDING BUT NOT LIMITED TO 11 U.S.C.A. SECTION 105, 1307, 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60, BANKRUPTCY RULES 1017, (f) (2) 7052, 9023 AND 9024

Robert Murphy, judgment creditor (hereinafter Murphy) hereby files the following

memorandum sur motion to vacate, alter or amend and/or reconsider and/or grant relief from the

final judgment and/or enter such other orders as are warranted in the interest of justice involving

the Court's order/judgment entered May 17, 2017 "... dismissing judgment debtor's, Marinari's,

abusive, bad faith, fraudulent and illegal captioned Chapter 13 bankruptcy case pursuant to

Section 1307 (b); closed the adversary proceeding by Murphy against Michele Marinari,

judgment debtor, (hereinafter Marinari) No. 15-0124; and imposed conditions that in the event

debtor files another bankruptcy case within two years from the date hereof, the adversary

1

proceeding which Mr. Murphy filed against debtor, namely adversary No. 15-0124, shall resume where it currently stands, which is that: (i) discovery is complete; (ii) the parties filed their joint pretrial statement (see docket entries No. 107); and (iii) a pretrial hearing should be promptly held to discuss the joint pretrial statement and schedule a trial date..." pursuant to Murphy's fundamental right to due process, the foregoing authorities, rules, applicable law and decisions under the United States Constitution, Amendment V, applicable law including but not limited to 11 U.S.C.A. Section 105, 1307, 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60, Bankruptcy Rules 1017, (f) (2) 7052, 9023 and 9024 to prevent continuing irreparable prejudice to creditors, Murphy, the Trustee, the Court and the public. A true and correct copy of the court's foregoing orders entered May 17, 2017 and February 22, 2017 are attached hereto as Exhibit 1.

## HISTORY

Murphy incorporates herein by reference thereto as though fully set forth the history, admitted and undisputed facts and authorities in Murphy's within motion to vacate, etc. the Court's foregoing 5/17/2017 order.

## DISCUSSION AND ARGUMENT

11 U.S.C.A. Section 1307 provides in pertinent part the following:

"(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.
(b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.
(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause including ... (enumerating numerous circumstances)

2

(d) Except as provided in subsection (e) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title.

(e) Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

(f) The court may not convert a case under this chapter to a case under chapter 7, 11, or 12 of this title if the debtor is a farmer, unless the debtor requests such conversion.

(g) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter

11 U.S.C.A. Section 105 in pertinent part expressly authorizes the court including, sua

sponte, to make any orders or determinations necessary or appropriate to enforce or implement

all the provisions of the Bankruptcy Code including specifically to prevent an abuse of process

as follows:

**a)** The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process....

As previously discussed involving the Supreme Court's specific analysis and rationale

interpreting the fundamental principles relied upon to interpret and implement every provision

under the foregoing Code including the foregoing provisions and the court's express legal,

equitable and inherent authority pursuant to Section 1307 (b) (c) and 105 as well as the court's

immemorial inherent equitable powers to administer justice under the Bankruptcy Code to

protect the creditors, the court, the trustee and the public in the context of debtor's contention

that his right to convert from Chapter 7 to Chapter 13 was absolute involving a bad faith

proceedings and motion by debtor to convert a bad faith Chapter 7 proceeding to Chapter 13, the

Supreme Court specifically decided that the bad faith creditor *forfeited* his alleged absolute right

to dismiss under 1307 (b) based on his improper, illegal, abusive, bad faith and fraudulent

3

misconduct and specifically reiterated, declared and decided the following controlling principles

involving the virtually identical issues which are not analytically different in the captioned

matter concerning whether debtor, Marinari, has an absolute right to dismiss pursuant to Section

1307 (b) without regard to the fundamental equitable principles regulating all Code provisions

including Section 1307 (c) and 105 particularly where Marinari has never filed a mandatory

formal motion under 1307 (b) while Murphy's objections and motions have been pending for

over two and a half years as follows:

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but
unfortunate debtor.' Grogan v. Garner, 498 U.S. 279, 286, 287, 111 S. Ct. 654, 112 L. Ed. 2d 755
(1991). Both Chapter 7 and Chapter 13 of the Code permit an insolvent individual to discharge
certain unpaid debts toward that end. Chapter 7 authorizes a discharge of prepetition debts
following the liquidation of the debtor's assets by a bankruptcy trustee, who then distributes the
proceeds to creditors. Chapter 13 authorizes an individual with regular income to obtain a
discharge after the successful completion of a payment plan approved by the bankruptcy court.
Under Chapter 7 the debtor's nonexempt assets are controlled by the bankruptcy trustee; under
Chapter 13 the debtor retains possession of his property. A proceeding that is commenced under
Chapter 7 may be converted to a Chapter 13 proceeding and vice versa. 11 U.S.C. §§ 706(a),
1307(a) and (c).

*An issue that has arisen with disturbing frequency is whether a debtor who acts in bad
faith prior to, or in the course of, filing a Chapter 13 petition by, for example, fraudulently
concealing significant assets, thereby forfeits his right to obtain Chapter 13 relief. The issue may
arise at the outset of a Chapter 13 case in response to a motion by creditors or by the United
States trustee either to dismiss the case or to convert it to Chapter 7, see § 1307(c). It also may
arise in a Chapter 7 case when a debtor files a motion under § 706(a) to convert to Chapter 13.
In the former context, despite the absence of any statutory provision specifically addressing the
issue, the federal courts are virtually unanimous that prepetition bad-faith conduct may cause a
forfeiture of any right to proceed with a Chapter 13 case. In the latter context, however, some
courts have suggested that even a bad-faith debtor has an absolute right to convert at least one
Chapter 7 proceeding into a Chapter 13 case even though the case will thereafter be dismissed
or immediately returned to Chapter 7. We granted certiorari to decide whether the Code
mandates that procedural anomaly. 547 U.S. 1191, 126 S. Ct. 2859, 165 L. Ed. 2d 894 (2006)* ....

There are at least two possible reasons why Marrama may not qualify as such a debtor,
one arising under § 109(e) of the Code, and the other turning on the construction of the word
"cause" in § 1307(c). The former provision imposes a limit on the amount of indebtedness that
an individual may have in order to qualify for Chapter 13 relief. *More pertinently, the latter
provision, § 1307(c), provides that a Chapter 13 proceeding may be either dismissed or
converted to a Chapter 7 proceeding "for cause" and includes a nonexclusive list of 10 causes*

4

*justifying that_ relief. None of the specified causes mentions prepetition bad-faith conduct (although paragraph (10) does identify one form of Chapter 7 error--which is necessarily prepetition _conduct--that would justify dismissal of a Chapter 13 case). Bankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause." See n 1, supra. In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of "'honest but unfortunate debtor[s]'" that the bankruptcy laws were enacted to protect. See Grogan v. Garner, 498 U.S., at 287, 111 S. Ct. 654, 112 L. Ed. 2d 755.* The text of § 706(d) therefore provides adequate authority for the denial of his motion to convert. The class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year. Congress sought to give these individuals the chance to repay their debts should they acquire the means to do so. Moreover, as the Court of Appeals observed, the reference in § 706(a) to the unenforceability of a waiver of the right to convert functions "as a consumer protection provision against adhesion contracts, whereby a debtor's creditors might be precluded from attempting to prescribe a waiver of the debtor's right to convert to chapter 13 as a non-negotiable condition of its contractual agreements." 430 F.3d, at 479.

*A statutory provision protecting a borrower from waiver is not a shield against forfeiture. Nothing in the text of either § 706 or § 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor. On the contrary, the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors.* Indeed, as the Solicitor General has argued in his brief *amicus curiae,* even if § 105(a) had not been enacted, the _ inherent power of every federal court to sanction "abusive litigation practices," see *Roadway Express, Inc.* v. *Piper,* 447 U.S. 752, 765, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980), might well provide an adequate justification for a prompt, rather than a delayed, ruling on an unmeritorious attempt to qualify as a debtor under Chapter 13. ..."(Our emphasis).

As previously noted, briefed and argued by Murphy including at the May 10, 2017

hearing the vast majority of circuits considering the issue of whether the debtor including

Marinari has an absolute right to dismissal under 1307 (b) including whenever there is a pending

objection and motion to convert including requesting sanctions based on debtor's alleged

abusive, fraudulent, illegal, improper, bad faith pre and post- petition conduct have repeatedly

decided that a fraudulent, bad faith, abusive, illegal debtor clearly *forfeits* any alleged absolute

5

right to dismissal under 1307 (b) pursuant to the foregoing fundamental principles including specifically reiterated in *Marrama* necessary to determine Congressional intent involving the court's "broad authority to take appropriate and necessary action to implement and enforce the Code including to prevent an abuse of process" including specifically involving illegal, bad faith and fraudulent misconduct by any debtor to prevent injury to creditors including Murphy, the Trustee, the court and the public so that the Code and the court's resources will be interpreted and utilized only to protect unfortunate and innocent debtors rather than a mechanism to protect, condone and enable fraudulent debtors to injure creditors, trustees, the court and the public. See e.g. the foregoing repeated decisions in the vast majority of circuits including this circuit including *Marrama; In re Cohen*, 106 F.3d 52 (3d Cir. 1997) aff'd 523 U.S. 213, 218; *Grogan* v. *Garner,* 498 U.S. 279, 287; *In Re Forever Green Ath. Fields, Inc.,* 804 F.3d 328 (3rd Cir. 2015); *In re Lilley*, 91 F.3d 491 (3d Cir. 1996); *Tamecki v. Frank*, 229 F.3d 205 (3rd Cir. 2000); *In re Love*, 957 F.2d 1350 (7th Cir. 1992); *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006); *In re Jacobsen*, 609 F.3d 647, 660 (5th Cir. 2010), *In re Molitor*, 76 F.3d 218 (8th Cir. 1996), *In re Rosson*, 545 F.3d 764 (9th Cir. 2008); *In re Fleurantin*, 420 Fed. Appx. 194, 2011 U.S. App. LEXIS 6322, p. 7 (although not precedential this decision is persuasive and relies on *Kaiser*, supra); *Taylor v. Winnecour*, 460 B.R. 673; *In re Caola*, 422 B.R. 13 (U.S.B.C., NJ 2010) collecting cases and relying on *In Re: Armstrong*, 408 B.R. 559 (E.D.NY 2009) rejecting the second circuit's *In Re Barbieri* decision, 199 F.3d 616 (2d Cir. 1999) to the contrary; F.R.C.P. 60 (b) (3) and (d) (3) expressly authorizing the court to grant relief from fraudulent proceedings including specifically any fraud on the court as in the captioned matter. Obviously as noted in the foregoing authorities and decisions there is no analytical distinction between Marrama's rejection of the "absolute rights" theory as to Section 706 (a) which applies

6

equally to Section 1307 (b) otherwise Section 1307 (c) would become meaningless and a "dead letter" if a debtor and her counsel had an absolute right to dismiss under Section 1307 (b) particularly after discovery and determination of their abusive, illegal, fraudulent and bad faith misconduct regarding their Chapter 13 proceedings thereby affording an absolute escape hatch to avoid accountability including sanctions for their foregoing abusive, illegal, fraudulent and bad faith Chapter 13 proceedings and/or dismissal request under Section 1307 (b). Congress clearly did not intend to afford bad faith debtors and or their counsel as in the captioned matter to use and abuse Chapter 13 proceedings in order to cause irreparable prejudice and injury to creditors such as Murphy, the court, the trustee and the public! Furthermore, this obviously would invite every debtor including Marinari to continually and repeatedly use Chapter 13 proceedings to utilize the Code and the court as a vehicle to continually engage in illegal, fraudulent, abusive, bad faith, improper misconduct including a purported praecipe or request via motion seeking absolute dismissal under Section Chapter 1307 (b) after their fraud and abuse have been discovered. Murphy respectfully submits that an interpretation ascribing Congressional intent pursuant to Section 1307 (b) and its use of the word "shall" when read in pari material with the other code provisions including 105 and 1307 (c) and the foregoing decisions cannot be relied upon to promote, condone and utilize the Code and the court system to continually and repeatedly engage in illegal, bad faith, abusive, fraudulent Chapter 13 proceedings including absolute dismissal in order to escape accountability and sanctions. Such an interpretation and reliance on the single word "shall" as the basis to interpret Congressional intent under the circumstances is manifestly erroneous and provides an absurd result which Congress would not and did not intend and is clearly contrary to all the foregoing Constitutional, fundamental legal

7

and equitable powers specifically provided to the court necessary to prevent illegality, fraud, abuse and bad faith in accordance with the foregoing rules, authorities and decisions!

Murphy further respectfully submits that the court's reliance and reference to the Supreme Court's decision in *Law vs Siegel*, 134 CT. 1188 (2014) is misplaced as the decision is inapposite and does not undermine the Court's foregoing specific decision in *Marrama* deciding that the Court has legal, equitable and inherent power to issue any order or process to implement and enforce the Code and prevent any debtor, including Marinari and her counsel to absolutely dismiss pursuant to 1307 (b) to escape from their undisputed and admitted overwhelming abusive, illegal, bad faith and improper Chapter 13 petitions , proceedings and praecipe contrary to all the foregoing authorities, rules and decisions correctly recognizing the rational Congressional intent to implement and enforce the Bankruptcy Code including 1307 (b) (c) and 105 to prevent an absurd interpretation and result. As noted the court in *Marrama* the court reiterated that "bad faith" implicitly controls the interpretation imposed on every code provision including specifically Section 1307 (b) (c) as well as the explicit power under 105 and the Court's inherent power to prevent fraud. See also F.R.C.P. 59 and 60 expressly authorizing the court to relieve any judgments based on fraud. Obviously the Court in *Law* did not suggest much less decide that a debtor could file and pursue an abusive, illegal, fraudulent, bad faith and improper Chapter 13 proceedings and after having been discovered pursuant to a pending motion and objection challenging the debtor's admitted fraudulent and bad faith misconduct throughout Chapter 13 proceedings including purported praecipe to dismiss pursuant to 1307 (b) escape without accountability and appropriate sanctions because the Supreme Court specifically decided that any debtor's fraudulent and bad faith misconduct *"forfeited"* any purported absolute rights under the Code including specifically to dismiss under Section 1307 (b) necessary to prevent

8

injury to creditors, the court, the trustee and the public! In *Law* the Court merely concluded in dicta that respondent bankruptcy trustees' untimely motion for surcharge debtor's homestead exemption to award trustee attorney's fees incurred in opposing debtor's claim lien against the debtor's homestead found to be fraudulent without a timely objection prior to final discharge could not be sustained since the surcharge contravened the specific prohibition under 11 U.S.C.A. Section 522 (k) recognizing the specific and esoteric detailed exception under the foregoing provision which could not be overcome based on equitable principles including Section 105 which is clearly not applicable in the captioned matter involving both Sections 1307 (b) and (c) and 105 when read in pari material; see also F.R.C.P. 60 (b) (3) (d) (3) authorizing the courts to grant relief from any fraudulent judgment including any fraudulent judgment practiced on the court as in the captioned matter. There was no issue in *Law* before the Court remotely relevant to the issue involved in the captioned matter involving debtor's alleged absolute right to dismissal under Section 1307 (b) contrary to and while Murphy's pending objection, motion to convert and challenge seeking sanctions pursuant to Section 1307 (c) which precludes debtor's purported praecipe/request to an absolute right to dismiss pursuant to Section 1307 (b) including without scheduling a bad faith hearing and/or considering and/or deciding whether debtor engaged in abusive, improper, illegal, fraudulent, bad faith misconduct for over two and a half years including a bad faith purported praecipe to dismiss under 1307 (b) without any mandatory formal motion therefore. The *Law* case does not stand for the proposition that debtor has an absolute right to dismiss under Section 1307 (b) and does not specifically overrule *Marrama* or the foregoing principles relied upon by the Court in that case and its progeny as reflected in the *Molitor* case, inter alia.

9

As previously noted, Murphy specifically relied on the Court's prior April 20, 2017 order, briefs and argument at the May 10, 2017 hearing limited entirely to whether any debtor has an alleged absolute Section 1307 (b) right to dismissal only and accordingly any alleged failure by Murphy to brief or argue whether the Court had the authority or should impose conditions in conjunction with a Section 1307 (b) order and/or should have scheduled an evidentiary hearing to determine whether there were grounds for imposing any conditions on the 1307 (b) dismissal order on Marinari was never an issue including at the May 10, 2017 hearing. Moreover, and/or alternatively Murphy's failure to brief or argue the court's authority and/or unknown contemplation to impose conditions/sanctions on a debtor including Marinari in conjunction with her alleged absolute right to dismissal under Section 1307 (b) results from Murphy's mistake, inadvertence, surprise, or excusable neglect and other justifiable reasons because Murphy justifiably relied on the Court's April 20, 2017 order notifying Murphy that the briefing and 5/10/2017 hearing limited to oral argument was limited entirely to the issue involving a debtor's including Marinari's purported absolute right to a Section 1307 (b) dismissal without consideration of the exception pursuant to Section 105, 1307 (c) in accordance with the foregoing rules, authorities and decisions. Accordingly, Murphy respectfully submits that he is entitled to relief in accordance with the foregoing authorities, rules and decisions including F.R.C.P. 52, 59, 60 (b) (1) (6) including to prevent continuing irreparable prejudice to creditors, Murphy, the Courts, the Trustees and the public. See e.g. *Pioneer Inv. Servs. V. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993) affirming petitioner investment services company challenge to a judgment of the United States Court of Appeals for the Sixth Circuit, which reversed a district court ruling denying respondent creditors' motion to permit the tardy filing of their proof of claim including resulting from the Court's form of notice which was excusable; *In*

10

*Re Prudential,* 177 F.R.D. 216 (U.S.D.C. 1997) reiterating foregoing principles including failure to properly disseminate specific and adequate notice specifically involving extension of time to opt-out of a class action settlement requires appropriate relief from the judgment and in accordance with fundamental due process, rights of the class; *Manus Corp. v. N.R.G. Energy Inc.,* 188 F. 3d 116 (3rd Cir 1999) relying on *Pioneer,* inter alia, and reiterating the factors including lack of prejudice to debtor, length of and reason for delay, impact on judicial proceedings, good faith of movant/creditor and insufficient/inadequate notice provided pursuant to a plan to creditor, *Manus,* involving *Manus'* failure to assert his claim pursuant to the inadequate notice in the plan entitling *Manus* to relief from judgment in bankruptcy action as excusable neglect entitling *Manus* to equitable relief.

Murphy respectfully submits that the Court's 5/17/2017 foregoing order for the first time imposing inadequate and insufficient contingent sanctions that in the event debtor files another bankruptcy case within two years from the date of the Court's order, Murphy's adversary proceeding against the debtor at No. 15-0124 shall resume where it currently stands etc. is clearly ineffective, inadequate, insufficient, inappropriate, erroneous and/or an abuse of discretion which clearly does not provide necessary, meaningful, adequate, effective, appropriate and sufficient remedy and relief to redress and protect all creditors including Murphy, the Court, the Trustees and the public against Marinari and her counsel's continuous overwhelming and indisputable foregoing illegal, fraudulent, bad faith, improper and abusive Chapter 13 proceedings including purported, improper praecipe to dismiss pursuant to Section 1307 (b) without a mandatory 1307 (b) motion and erroneously effectively invites Marinari to again utilize the same foregoing abusive Chapter 13 proceedings in the future to avoid Murphy's attempts to prosecute, execute and obtain satisfaction of the foregoing judgments against

11

Marinari based on Marinari's repeated egregious, admitted, overwhelming fraudulent misconduct including through any state court proceedings manifestly contrary to all the foregoing authorities, rules and decisions necessary to prevent continuing injury to creditors including Murphy, the Court, the Trustees and the public. See e.g. *Marrama* and its progeny; *Pioneer;Prudential; Manus;* F.R.C.P. 52, 59, 60 (b)(1) and (b)(3) and (d) (3) further authorizing the Court to grant relief from illegal, bad faith, abusive, fraudulent judgments based on the misconduct of the parties and/or perpetrated on the Court as in the captioned matter by Marinari and her counsel.

As previously noted, Murphy submits that Marinari's Chapter 13 proceedings including improper and fraudulent purported praecipe to dismiss Marinari's Chapter 13 proceedings pursuant to Section 1307 (b) without mandatory motion pursuant to 1307 (b) and the Court's 5/17/2017 judgment dismissing Marinari's Chapter 13 proceedings based thereon pursuant to Section 1307 (b) are clearly based on Marinari's admitted, indisputable, overwhelming, bad faith, abusive and fraudulent misconduct on the Court as well as Murphy and the Trustee clearly contrary to all the foregoing rules, authorities and decisions. Accordingly, Murphy respectfully submits that the Court abused its discretion and/or erred in entering the Court's 5/17/2017 order and accordingly requests this Honorable Court grant the within motion to vacate, alter or amend, make findings of fact including relief from the final judgment in accordance with all the foregoing rules, authorities and decisions including 11 U.S.C.A. 105, 1307 (b) (c), 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60 (b) (1), (3), (d) (3), Bankruptcy Rules 1017 (f) (2) 752, 9023 and 9024 to prevent continuing illegal, abusive, bad faith and fraudulent conduct on creditors, Murphy, the Trustee, the public, the Court in accordance with all the foregoing authorities and/or enter other such orders that are warranted in the interest of justice.

12

## CONCLUSION

Accordingly Murphy respectfully requests the Court grant the within motion pursuant to 11 U.S.C.A. 105, 1307 (b) (c), 1325, 18 U.S.C.A. 152, F.R.C.P. 52, 59, 60 (b) (3), (d) (3), B.R. 1017 (f) (2), 7052, 9023, 9024 and vacate, alter or amend and/or grant relief from the Court's final 5/17/2017 judgment and schedule an evidentiary bad faith hearing and award and/or impose appropriate, adequate, sufficient, meaningful sanctions against debtor, Marinari and her counsel, based on their continuous, egregious, admitted, abusive, illegal, improper, fraudulent, bad faith Chapter 13 petition, proceedings, improper purported praecipe to dismiss pursuant to Section 1307 (b) without any mandatory 1307 (b) motion and/or enter such other orders as are warranted in the interest of justice in accordance with all the foregoing authorities, rules and decisions to prevent continuing irreparable prejudice to Murphy, the court, the trustee and the public.

Respectfully submitted,

/s/_____
Robert J. Murphy, Esquire
Pro Se

13

Robert J. Murphy, Esquire
Attorney I.D. No. 1555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Attorney Pro Se

## IN THE UNITEED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE MICHELE MARINARI : CASE NO. 2:14-19066-JKF

    Debtor : Chapter 13

### CERTIFICATE OF SERVICE

I, Robert Murphy, Esquire, Appellant, hereby certify that the original of Robert Murphy,

judgment creditor's, expedited/emergency motion to reconsider, vacate and make findings of fact

and/or alter or amend the final judgment entered May 17, 2017 and for relief from a final

judgment entered May 17, 2017 under the United States Constitution, Amendment V, applicable

law including but not limited to F.R.C.P. 52, 59, 60, Bankruptcy Rules 7052, 9023 and 9024in

the captioned matter has been electronically filed with the Clerk of United States Bankruptcy

Court for the Eastern District of Pennsylvania (Philadelphia) on May 27, 2017 in accordance

with applicable law and rules and true and correct copies thereof were served via U.S. First Class

Mail, Postage Prepaid on the below Bankruptcy Judge and counsel for parties and below listed

Chapter 13 Trustee and Acting United States Trustee on May 27, 2017:

Hon. Jean K. FitzSimon
United States Bankruptcy Court for the Eastern District of Pennsylvania (Philadelphia)
900 Market Street
Philadelphia, PA 19107

William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 40119
Philadelphia, Pa 19106-0119

Andy Vara, Acting U.S. Trustee
Office of the United States Trustee
833 Chestnut Street, Suite 500,
Philadelphia, PA 19107

Michael A. Caltaldo, Esq.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

BY:/s/_____

Robert J. Murphy, Esquire
Pro Se

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**IN RE:**                          :        **CHAPTER 13**
**Michele Marinari**

        **DEBTOR**            :        **BKY. NO.   14-19066JKF13**

### O R D E R

AND NOW, on this            day of            2017, upon

consideration of the Praecipe of the Debtor, it is hereby

ORDERED that this Chapter 13 case is DISMISSED as to

pursuant to Section 1307(b) of the Bankruptcy Code.

Counsel for the Debtor shall notify all interested parties

by sending them a copy of this Order.

ORDERED, that any wage orders are hereby VACATED, and it

is further

ORDERED, that the Clerk shall close the case.

**Date: February 22, 2017**

_____
Hon. Jean K. FitzSimon
BANKRUPTCY JUDGE

cc:   William C. Miller, Esquire                    Michele Marinari
      Chapter 13 Trustee                            309 Conestoga Way
      P.O. Box 1229                                 Norristown, PA  19403
      Philadelphia, PA 19105

      Cibik & Cataldo, PC
      Suite 900
      1500 Walnut Street
      Philadelphia, PA 19105

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re** | : | **Chapter 13** |
| **Michele Marinari,** | : | |
| **Debtor.** | : | **Case No. 14-19066 (JKF)** |

### ORDER DISMISSING DEBTOR'S BANKRUPTCY CASE

**AND NOW,** this 17th day of May, 2017, debtor having filed an application

("Application") on February 16, 2017, for a voluntary dismissal of her bankruptcy case

pursuant to 11 U.S.C. § 1307(b) , see Docket Entry No. 98;

**AND** this Court having entered an Order, dated February 22, 2017 ("Dismissal

Order"), granting the Debtor's Application,  see Docket Entry No. 99;

**AND** creditor, Robert Murphy, Esquire, having filed a Notice of Appeal from the

Dismissal Order on February 23, 2017, see Docket Entry No. 100;

**AND** Mr. Murphy having thereafter filed in this Court, on February 27, 2017, a

timely motion ("Motion") to alter or amend, and for relief from, the Dismissal Order

pursuant to Fed. R. Bankr. P. 7052, 9023 and 9024,[1] see Docket Entry No. 106;

**AND** this Court having held a hearing on the Motion on March 29, 2017, and

having granted the Motion by Order, dated March 30, 2017 ("Reconsideration Order"),

see Docket Entry No. 119;

---

[1] The Motion is titled "Motion to Reconsider, Vacate and Make Findings and/or
Alter or Amend the Judgment and for Relief Under the United States Constitution,
Amendment V, Applicable Law Including But Not Limited to Bankruptcy Rules 7052,
9023 and 9024." See Docket Entry No. 106.

**AND** Mr. Murphy's appeal of the Dismissal Order having been assigned to the
Honorable Gerald J. Pappert, who issued an Order, dated April 7, 2017 ("Remand
Order"), remanding the case to this Court, see Docket Entry No. 122;

**AND** Judge Pappert having opined in a footnote in his Remand Order that this
Court lacked jurisdiction to issue the Reconsideration Order;

**AND** this Court respectfully heeding Judge Pappert's Remand Order;

**AND** this Court, therefore, having issued another Order, dated March 30, 2107
(Docket Entry No. 119), which: (i) granted Mr. Murphy's Motion; (ii) vacated the Court's
Order, dated February 22, 2017, which dismissed Debtor's bankruptcy case;
(iii) directed Mr. Murphy to file a brief addressing the issue of whether a debtor has an
absolute right to dismissal under § 1307(b) of the Bankruptcy Code on or before May 1,
2017; and (iv) scheduled a hearing on the Debtor's request for dismissal of her case on
Wednesday, May 10, 2017;

**AND** Mr. Murphy having opted not to file an additional brief on the issue of
whether a debtor has an absolute right to dismissal under § 1307(b) and having chosen
instead to rely on the memorandum which he filed in support of his Motion;

**AND** the Court having advised the parties at the beginning of the hearing on May
10, 2017, that it intended to treat Debtor's Application as a formal motion for dismissal
pursuant to § 1307(b) since: (i) Mr. Murphy had received electronic notice of the filing of
the Application; (ii), he had filed his Motion in response to the dismissal of Debtor's
case and the Court had granted his Motion; and (iii) a hearing, with notice, was being
held to address Debtor's request to have her case dismissed pursuant to § 1307(b);

2

**AND** neither party having voiced any objection to the treatment of Debtor's

Application as a formal motion for dismissal under § 1307(b);

**AND** the Court having asked Mr. Murphy at the hearing on May 10, 2017, to

identify the relief which he was seeking in response to Debtor's request for a voluntary

dismissal of her bankruptcy case and Mr. Murphy having answered that he wanted

Debtor's Chapter 13 case to be converted to a Chapter 7 case;

**AND** Mr. Murphy not having requested, in the event the Court was inclined to

rule in Debtor's favor on her motion for a voluntary dismissal, that any condition or

conditions be imposed on the dismissal of her case (*e.g.*, a 180 day bar to refiling);[2]

**AND** with these matters settled, the Court, thereafter, issued its ruling from the

bench opining that a Chapter 13 debtor has an absolute right to a voluntary dismissal of

his or her case pursuant to § 1307(b);[3]

---

[2] If Mr. Murphy had requested that any condition(s) be imposed on the dismissal
of Debtor's bankruptcy case, the Court would have scheduled an evidentiary hearing to
determine whether there were grounds for imposing such condition(s). However, since
Mr. Murphy was adamant that Debtor's bankruptcy case be converted to a Chapter 7
case, there was no purpose in holding an evidentiary hearing given the Court's ruling on
the issue of voluntary dismissals in Chapter 13 cases.

[3] There is a split in the case law on whether a debtor has an absolute right to
dismissal under § 1307(b). While the Fifth and Eighth Circuits as well as the Ninth
Circuit's Bankruptcy Appellate Panel reject the view that the right is absolute, the
Second Circuit and numerous lower courts in other jurisdictions have reached the
opposite conclusion.

In Jacobsen v. Moser (In re Jacobsen), 609 F.3d 647 (5ᵗʰ Cir. 2010), the Chapter
13 Trustee moved to convert the debtor's case from a 13 to a 7. Later that day, the
debtor filed a motion to dismiss his case under § 1307(b). Following a hearing at which
the debtor was the sole testifying witness, the bankruptcy court found that the debtor
had acted in bad faith and abused the bankruptcy process. Based on its finding of bad
faith, the bankruptcy court denied the debtor's motion to dismiss and converted the
(continued...)

3

---

³(...continued)

case to Chapter 7. When the district court affirmed the bankruptcy court's decision
converting the debtor's case to Chapter 7, he appealed. The Court of Appeals ruled
that the bankruptcy court had discretion to grant the Chapter 13 Trustee's pending
motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or
abused the bankruptcy process and requested dismissal under §1307(b) in response to
the motion to convert. See Smith v. Henley, 548 B.R. 724, 729-30 (S.D. Miss. 2016)
(debtor does not have an absolute right to dismissal under § 1307(b) when there is a
pending motion to convert for cause under § 1306(c) and the debtor has acted in bad
faith or abused the bankruptcy process).

In Molitor v. Eidson (In re Molitor), 76 F.3d 218 (8ᵗʰ Cir. 1996), creditors filed a
motion for dismissal or conversion of the debtor's Chapter 13 case on the grounds that
he filed his case in bad faith. The Chapter 13 Trustee filed a response supporting the
creditors' request for conversion. Thereafter, the debtor sought to voluntarily dismiss
his case. The bankruptcy court refused to allow the dismissal and subsequently
granted the motion to convert. On appeal, the Eighth Circuit held that a debtor does not
have an absolute right to a dismissal of his case when a motion to convert on the basis
of bad faith has been filed.

In Brown v. Billingslea (In re Brown), 2015 WL 6470940 (9ᵗʰ Cir. B.A.P. Oct. 26,
2015), the Bankruptcy Appellate Panel ruled that a debtor's right of voluntary dismissal
under § 1307(b) is not absolute but is "qualified by the authority of a bankruptcy court to
deny dismissal on grounds of bad faith conduct or 'to prevent an abuse of process.'" Id.
at *11 (quoting Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 774 (9ᵗʰ Cir. 2008)).
See also In re Rasmussen, 2014 WL 1806837 (Bankr. D. Mont. May 7, 2014) (following
9ᵗʰ Circuit precedent that a debtor's right to dismiss under § 1307(b) is not absolute, but
is qualified by an implied exception for bad-faith conduct or abuse of the bankruptcy
process and granting dismissal of Chapter 13 case with a bar).

The Second Circuit and lower courts in other jurisdictions hold that a debtor's
right of voluntary dismissal under § 1307(b) is absolute, though some reason that
conditions may be imposed on the dismissal. See Barbieri v. RAJ Acquisition Corp. (In
re Barbieri), 199 F.3d 616 (2ⁿᵈ Cir. 1999) (holding that § 1307(b) provides a debtor with
an absolute right to dismiss a Chapter 13 petition); In re Perez, 2017 WL 458857
(Bankr. D. P.R. April 24, 2017) (even though creditor moved for conversion of debtor's
Chapter 13 bankruptcy case before debtor moved for voluntary dismissal under
§ 1307(b), court ruled that debtor had an absolute right have his case dismissed); In re
Sinischo, 561 B.R. 176 (Bankr. D. Co. 2016) (where debtor filed a motion to dismiss
Chapter 13 case after creditor moved for conversion to Chapter 7, the bankruptcy court,
after a thorough examination of the law, ruled that a debtor has an absolute right to
dismissal of his or her case but that sanctions would be imposed against the debtor for

(continued...)

4

---

³(...continued)

bad faith in filing her petition and lack of good faith in filing her plan); In re Fisher, 2015 WL 1263354 (Bankr. W.D. Va. March 19, 2015) (where a creditor filed a motion for conversion to Chapter 7 immediately after the debtor filed a motion for dismissal, the bankruptcy court ruled that a debtor has an absolute right to voluntary dismissal but that the court may impose sanctions in granting the debtor's motion to dismiss); In re Mills, 539 B.R. 879 (Bankr. D. Kan. 2015) (concluding that motion to convert was moot because "[s]ection 1307(b) grants a Chapter 13 debtor the absolute right to voluntarily dismiss his case at any time."); In re Criscuolo, 2014 WL 1910078 (Bankr. E.D. Va. May 13, 2014) (granting Chapter 13 Trustee's motion to dismiss with a one year bar to refiling rather than granting the debtor's subsequently filed motion to dismiss under § 1307(b) based on the rationale that "[t]here is certainly nothing in Section 1307(b) that prohibits the dismissal on terms and conditions, including a proscription of time.").

In Pennsylvania, courts have reached opposite conclusions on the issue; however, the final result in the cases is similar. See Ross v. Americhoice Federal Credit Union, 530 B.R. 277 (E.D. Pa. 2015) (holding that a debtor has an absolute right to dismissal of his case under §1307(b) but that it is not unconditional or self-executing which means that the bankruptcy court can "receive briefing and schedule a hearing on the request" and impose conditions on the dismissal if it finds them appropriate); but see Chertok v. Phelan (In re Phelan), 2017 WL 713570, at *4 n.5 (Bankr. M.D. Pa. Feb. 21, 2017) (in dismissing debtor's bankruptcy case with a bar from filing another case for two years, the bankruptcy court stated that, had debtors argued that they had an absolute right to dismiss their case, court would have rejected the argument in favor of the Ninth Circuit's reasoning that even a debtor's right to dismissal is subject to limitation by the bankruptcy court's power to police bad faith and abuse of process).

There are two Supreme Court cases that are discussed when the issue of whether a Chapter 13 debtor has an absolute right to dismissal under § 1307(b) is raised. The first case is Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007). In this case, the Supreme Court addressed the issue of whether a debtor has an absolute right to convert a Chapter 7 proceeding to a Chapter 13 proceeding even if the debtor has engaged in bad faith. The Supreme Court held that a debtor's right to convert a case under § 706(a), when coupled with bad faith conduct, is not absolute. After Marrama was issued, some courts reasoned that the case supported grafting a bad faith exception onto § 1307(b).

The second case is Law v. Siegel, 134 S. Ct. 1188 (2014), where the Supreme Court addressed the issue of whether a bankruptcy court could order a debtor's exempt assets to be used to pay for administrative expenses incurred as a result of the debtor's bad faith conduct. The Supreme Court held that the bankruptcy court had no authority to override and contravene the exemptions permitted under § 522 of the Code. The

(continued...)

5

---

[3](...continued)

Supreme Court also clarified that its decision in <u>Marrama</u> did not point to a different result. It explained that, in <u>Marrama</u>, it held that a "debtor's bad faith could stop him from qualifying as a debtor under Chapter 14, thus preventing him from satisfying § 706(d)'s express condition on conversion." 134 S. Ct. at 1197.  The Supreme Court went on to say:

> True, the Court in <u>Marrama</u> also opined that the Bankruptcy
> Court's refusal to convert the case was authorized under §
> 105(a) and might have been authorized under the court's
> inherent powers. <u>Id.</u>, at 375–376, 127 S. Ct. 1105. But even
> that dictum does not support Siegel's position. In <u>Marrama</u>,
> the Court reasoned that if the case had been converted to
> Chapter 13, § 1307(c) would have required it to be either
> dismissed or reconverted to Chapter 7 in light of the debtor's
> bad faith. Therefore, the Court suggested, even if the
> Bankruptcy Court's refusal to convert the case had not been
> expressly authorized by § 706(d), that action could have
> been justified as a way of providing a "prompt, rather than a
> delayed, ruling on [the debtor's] unmeritorious attempt to
> qualify" under § 1307(c). <u>Id.</u>, at 376, 127 S. Ct. 1105. At
> most, <u>Marrama</u> 's dictum suggests that in some
> circumstances a bankruptcy court may be authorized to
> dispense with futile procedural niceties in order to reach
> more expeditiously an end result required by the Code.
> <u>Marrama</u> most certainly did not endorse, even in dictum, the
> view that equitable considerations permit a bankruptcy court
> to contravene express provisions of the Code.

134 S. Ct. at 1197.

Interestingly, courts have utilized <u>Marrama</u> and <u>Law</u> to support whichever viewpoint they have on the issue of whether a debtor has an absolute right to dismissal under § 1307(b).

In <u>Ross v. AmeriChoice Federal Credit Union</u>, 530 B.R. 277 (E.D. Pa. 2015), the district court undertook a thorough analysis of the law before reaching the conclusion that a Chapter 13 debtor has an absolute right to a voluntarily dismissal of his or her case pursuant to § 1307(b). Furthermore, in <u>Ross</u>, the district court recognized that, while a debtor's right under § 1307(b) is absolute, the right is not unconditional and self-executing and that the debtor's case can be dismissed with prejudice or that conditions can be placed on the dismissal as appropriate. <u>Id.</u> at 289.

(continued...)

**AND** the Court, therefore, granting Debtor's request for a voluntary dismissal of her Chapter 13 case;

**AND** Debtor's attorney then adding that his client was willing to consent to the following condition on the dismissal of her case – that, in the event that Debtor filed another bankruptcy case, Mr. Murphy's nondischargeability action against her (Adversary Proceeding No. 15-0124) would resume where it currently stands, which is that: (i) discovery is complete; (ii) the parties filed their Joint Pretrial Statement (see Docket Entry No. 107); and (iii) a pre-trial hearing should be promptly held to discuss the Joint Pretrial Statement and schedule a trial date;

**AND** the Court, consequently, adding the aforementioned condition to the dismissal of Debtor's Chapter 13 case;

---

[3](...continued)

This Court agrees with the reasoning in Ross and relied upon it in ruling that a Chapter 13 debtor has an absolute right to a voluntary dismissal of his or her case under § 1307(b).

7

It is hereby **ORDERED** that:

1. Debtor's Chapter 13 bankruptcy case is hereby **DISMISSED** pursuant to § 1307(b);

2. The adversary proceeding which Mr. Murphy commenced against Debtor, namely Adversary Proceeding No. 15-0124, shall be closed; and

3. In the event Debtor files another bankruptcy case within two years from the date hereof, the adversary proceeding which Mr. Murphy filed against Debtor, namely Adversary No. 15-0124, shall resume where it currently stands, which is that: (i) discovery is complete; (ii) the parties filed their Joint Pretrial Statement (see Docket Entry No. 107); and (iii) a pretrial hearing should be promptly held to discuss the Joint Pretrial Statement and schedule a trial date.

JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

**Pro Se Plaintiff**
Robert J. Murphy, Esquire
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041

**Defendant's Counsel**
Michael A. Cataldo, Esquire
Michael A. Cibik, Esquire
Cibik & Cataldo, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

**Courtroom Deputy**
Joan Ranieri

8

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re**                               :    **Chapter 13**

**Michele Marinari,**                   :

        **Debtor.**      :    **Case No. 14-19066 (JKF)**

### ORDER GRANTING ROBERT MURPHY'S MOTION
### AND VACATING PRIOR DISMISSAL ORDER

**AND NOW,** this 20ᵀᴴ day of April, 2017, this Court having entered an Order,

dated February 22, 2017 ("Dismissal Order"), granting the Application by Debtor to

Voluntarily Dismiss her Chapter 13 Case pursuant to 11 U.S.C. § 1307(b), see Docket

Entry No. 99;

**AND** creditor, Robert Murphy, Esquire, having filed a Notice of Appeal from the

Dismissal Order on February 23, 2017, see Docket Entry No. 100;

**AND** Mr. Murphy having thereafter filed in this Court, on February 27, 2017, a

timely motion ("Motion") to alter or amend, and for relief from, the Dismissal Order

pursuant to Fed. R. Bankr. P. 7052, 9023 and 9024,[1] see Docket Entry No. 106;

**AND** this Court having held a hearing on the Motion on March 29, 2017, and

having granted the Motion by Order, dated March 30, 2017 ("Reconsideration Order"),

see Docket Entry No. 119;

---

[1] The Motion is titled "Motion to Reconsider, Vacate and Make Findings and/or
Alter or Amend the Judgment and for Relief Under the United States Constitution,
Amendment V, Applicable Law Including But Not Limited to Bankruptcy Rules 7052,
9023 and 9024." See Docket Entry No. 106.

**AND** Mr. Murphy's appeal of the Dismissal Order having been assigned to the

Honorable Gerald J. Pappert, who issued an Order, dated April 7, 2017 ("Remand

Order"), remanding the case to this Court, see Docket Entry No. 122;

**AND** the significant dates being:

> 2/22/17 – Bankruptcy Court issued Dismissal Order
>
> 2/23/17 – Murphy filed Notice of Appeal from Dismissal Order
>
> 2/27/17 – Murphy filed Motion regarding Dismissal Order
>
> 3/30/17 – Bankruptcy Court issued Reconsideration Order
>
> 4/07/17 – District Court issued Remand Order

**AND** Judge Pappert having opined in a footnote in his Remand Order that this

Court lacked jurisdiction to issue the Reconsideration Order;[2]

**AND** this Court, while surmising that it had jurisdiction to issue the

Reconsideration Order,[3] respectfully heeding Judge Pappert's view of the law;

---

[2] Judge Pappert based his conclusion that this Court lacked jurisdiction to grant the Reconsideration Motion on case law from 1983 and earlier.

[3] Despite Mr. Murphy having filed his appeal, this Court deferentially suggests that it had jurisdiction to rule on his Motion based on Fed. R. Bankr. P. 8002(b). This rule provides, in pertinent part:

> (b) Effect of a Motion on the Time to Appeal
>
> (1) In General. If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> > (A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;

(continued...)

2

(B) to alter or amend the judgment under Rule 9023;

(C) for a new trial under Rule 9023; or

(D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

(2) Filing an Appeal Before the Motion is Decided. If a party files a notice of appeal after the court announces or enters a judgment, order, or decree — but before it disposes of any motion listed in subdivision (b)(1) — the notice becomes effective when the order disposing of the last such remaining motion is entered.

Fed. R. Bankr. P. 8002(b). Significantly, except for motions under Rule 9024 upon which a 14 day limitation is imposed for purposes of Rule 8002(b), all of the motions listed in subsection (b)(1) must be filed within 14 days after entry of the applicable judgment or order. See Fed. R. Bankr. P. 7052; Fed. R. Bankr. P. 9023.

The Advisory Committee Notes to the 1994 Amendment of Rule 8002(b) explain the manner in which Rule 8002(b) is intended to operate when a notice of appeal is followed by a timely filing of a motion under Rule 7052, 9023 or 9024. The Notes state, in pertinent part:

This rule as amended provides that a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion. A **notice [of appeal] filed before the filing of one of the specified motions** or after the filing of a motion but before disposition of the motion **is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel**.

Advisory Committee Notes for 1994 Amendments to Rule 8002(b) (emphasis added). Case law supports this application of Rule 8002(b). See e.g., Evans v. Codilis & Stawiarski (In re Evans), 2006 WL 626699, at *1-*3 (Bankr. N.D. Fla. March 9, 2006) (when a debtor files a notice of appeal and then files a timely motion for relief pursuant (continued...)

3

21108013086028

**AND** this Court, therefore, issuing the instant Order to ensure the validity of its

rulings regarding, and in response to, the Motion:

It is hereby **ORDERED** and **DECREED** that:

    (1)    The Motion is **GRANTED**;

---

[3](...continued)

to Bankruptcy Rule 9024, the motion for relief "suspends the notice of appeal until" the motion for relief "has been resolved.").

Moreover, according to the Advisory Committee Notes, Bankruptcy Rule 8002(b) is "essentially the same as Rule 4(a)(4) of the Fed. R. App. P." See Advisory Committee Notes on Fed. R. Bankr. P. 8002(b). Consequently, decisions by the Court of Appeals for the Third Circuit on Rule 4(a)(4) are instructive on how Rule 8002(b) is intended to operate.

In Forba v. Thomas Jefferson University Hospital, 666 Fed. Appx. 106 (3ᵈ Cir. 2016), the Third Circuit Court addressed a situation similar to the facts of the instant case and stated:

> After filing his notice of appeal, Forba filed a motion for reconsideration and other relief. The District Court denied the motion for lack of jurisdiction, but Forba did not file another or an amended notice of appeal as required to challenge that ruling, see Fed. R. App. P. 4(a)(4)(B)(ii), and his time to do so has expired. For the District Court's benefit, however, we note that district courts retain jurisdiction to consider timely motions for reconsideration under Fed. R. Civ. P. 59(e) notwithstanding the filing of a notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(i).

666 Fed. Appx. at 108 n.2 (emphasis added).

In States v. Rogers Transportation, Inc., 751 F.2d 635 (3ᵈ Cir. 1985), the Third Circuit Court specifically held that it lacked jurisdiction over an appeal from a district court's order pursuant to Fed. R. App. P. 4(a)(4) because, subsequent to the filing of the notice of appeal, a timely motion to amend or alter the judgment pursuant to Fed. R. Civ. P. 59(e) was filed in the district court.

Since Rule 8002(b) is "essentially the same as Fed. R. App. P. 4(a)(4)," the Third Circuit's rulings and comments are equally applicable to the instant case. The Third Circuit's cases support the conclusion that this Court had jurisdiction, pursuant to Rule 8002(b), to resolve the Motion notwithstanding Mr. Murphy's filing of a Notice of Appeal.

4

(2)   The Order, dated February 22, 2017, dismissing
      Debtor's bankruptcy case is **VACATED**;

(3)   On or before May 1, 2017, Mr. Murphy shall file a
      brief addressing the issue of whether a debtor has an
      absolute right to dismissal under § 1307(b) of the
      Bankruptcy Code; and

(4)   A hearing on the legal issue identified in paragraph
      (3) above shall be held on Wednesday, May 10,
      2017, at 11:30 a.m., in Bankruptcy Courtroom #3,
      Robert N.C. Nix, Sr., Federal Building & Post Office,
      900 Market Street, 2nd Floor, Philadelphia,
      Pennsylvania. This hearing shall be solely for oral
      argument.

JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

**Pro Se Plaintiff**
Robert J. Murphy, Esquire
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041

**Defendant's Counsel**
Michael A. Cataldo, Esquire
Michael A. Cibik, Esquire
Cibik & Cataldo, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

**Courtroom Deputy**
Joan Ranieri

5

SAT-21108 0313-2 pdf900 14-19066
MICHAEL A. CIBIK2
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

013073 13073 1 AB 0.400 19041 5 2 8280-1-13413

Robert John Murphy
7 Coopertown Road
7 Coopertown Road Haverford
Haverford, PA 19041-1012

*Robert J. Murphy*

COUNSELOR AT LAW AND PROCTOR IN ADMIRALTY
2341 PENNSYLVANIA AVENUE
PHILADELPHIA, PENNSYLVANIA 19130

(215) 567-5300
FAX (215) 567-3935

BY APPOINTMENT
HAVERFORD OFFICE
7 COOPERTOWN ROAD
HAVERFORD, PA 19041

## VIA FAX

May 16, 2017

Michael A. Cataldo, Esq.
Cibik & Cataldo, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

**Re:    In Re: Marinari – U.S.B.C., E.D., PA
No. 14-19066
Adversary No. 15-0124**

Dear Mr. Cataldo:

We have received a copy of your proposed form in the captioned matter.  As you are aware, please be advised that we object thereto.

Furthermore, we will seek appropriate reconsideration pursuant to the court's analysis , authorities, opinion and conclusion  at the recent hearing on May 10, 2017 that debtor has a purported absolute right to dismiss regardless of the overwhelming and indisputable evidence of bad faith and abuse of process contrary to the authorities relied upon by the undersigned, albeit the right is not unconditional. Accordingly, we request the court to impose additional appropriate conditions including sanctions against debtor and/or her counsel equal to the amount of the judgment plus interest and request that the foregoing objection be provided to the court together with the proposed form of order.

Obviously if you have any questions do not hesitate to contact the undersigned.

Very truly yours,

Robert J. Murphy, Esquire