Robert J. Murphy, Esquire
Attorney I.D. No. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
*Attorney Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert J. Murphy, | : | CIVIL ACTION |
| Appellant | : | NO. 17-02496 |
| v. | : | |
| Michelle Marinari, | : | |
| Debtor-in-Process | : | |

**APPELLANT, ROBERT MURPHY'S, RESPONSE TO THE COURT'S RULE TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND PROVIDING THE COURT A STATUS UPDATE ENTERED JULY 17, 2018**

Appellant, Robert Murphy, files the within response to the court's rule to show cause why the case should not be dismissed for failure to prosecute and providing the court a status update entered July 17, 2018 and in support thereof asserts the following:

1. On May 27, 2017 appellant timely filed a pending motion to reconsider, vacate, make additional findings of fact and/or alter or amend and for relief, etc. from the final judgment entered May 17, 2017 dismissing debtor, Marinari's, Chapter 13 bankruptcy proceedings at 14-19066, inter alia, pursuant to F.R.C.P. 52, 59, 60 and Bankruptcy Rule 7052, 9023 and 9024 and applicable law involving extensive, critical, complex issues involving the bankruptcy court's erroneous dismissal of Marinari's manifestly bad faith bankruptcy proceedings involving

debtor's purported Chapter 13 absolute right to dismissal contrary to Section 1307 (b), applicable Constitutional and United States Supreme Court decisional law and Bankruptcy Rules. See, e.g. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), inter alia. See, e.g. Document #3 in the captioned matter; and Document #131 in the Bankruptcy Court docket confirming the foregoing.

2. On May 31, 2017 appellant timely filed a notice of appeal from the Bankruptcy Court's foregoing order entered May 17, 2017 while appellant's foregoing timely motion pursuant to F.R.C.P. 52, 59, 60 and Bankruptcy Rule 7052, 9023 and 9024 and applicable law remains pending.

3. Apparently the foregoing bankruptcy proceedings were transferred from Judge FitzSimon to Judge Chan on or around September 29, 2017.

4. In response to this court's foregoing show cause order, appellant contacted Ms. Barbara Townsend, Judge Chan's Deputy Courtroom Clerk, on July 18, 2018 regarding the status of appellant's foregoing pending motion who advised that the bankruptcy court had not and will not schedule a hearing or decide appellant's foregoing motion filed 5/27/2017 pending the disposition of the appeal in the captioned matter and authorized appellant to advise this court thereof.

5. Appellant respectfully submits that under applicable Federal Rule of Appellate Procedures including F.R.A.P. 4 (a) (4) (B) (i) and Bankruptcy Rule 8002 (b), the bankruptcy court retains jurisdiction to schedule a hearing and decide appellant's foregoing motion while the appeal remains suspended pending bankruptcy court's final disposition of appellant's foregoing motion filed on May 27, 2017 and accordingly appellant advised the Deputy Courtroom Clerk

thereof, however the Clerk advised the bankruptcy court would not schedule a hearing or decide the motion until this court decides the captioned appeal which we respectfully submit is contrary to the foregoing rules and applicable law. See, e.g. *Forba v. Thomas Jefferson University Hospital*, 666 Fed. Appx. 106 (3d Cir. 2016) in which the Court in a similar situation reiterated that the lower court i.e. district court retains jurisdiction to consider timely motions for reconsideration, and other relief etc. under the foregoing civil procedural rules notwithstanding the filing of a notice of appeal pursuant to F.R.A.P. 4 (a) (4) (B) (i) as follows:

"We have jurisdiction under 28 U.S.C. § 1291. After filing his notice of appeal, Forba filed a motion for reconsideration and other relief. The District Court denied that motion for lack of jurisdiction, but Forba did not file another or an amended notice of appeal as required to challenge that ruling, see Fed. R. App. P. 4(a)(4)(B)(ii), [**5] and his time to do so has expired. For the District Court's benefit, however, we note that district courts retain jurisdiction to consider timely motions for reconsideration under Fed. R. Civ. P. 59(e) notwithstanding the filing of a notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(i)." At 108, Note 2.

Moreover, the Advisory Committee Notes to Bankruptcy Rule 8002 (b) specifically explain that a notice of appeal filed before or after the filing of the foregoing motions pursuant to Bankruptcy Rule 7052, 9023 or 9024 but before disposition of the motion is in effect suspended until the motion is disposed of where upon the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel.

6. Accordingly, appellant respectfully submits that the captioned appeal be suspended pending bankruptcy court's final disposition of appellant's timely pending foregoing motion to reconsider, etc. pursuant to Rule 7052, 9023 or 9024 since the appeal from the court's 5/17/2017 dismissal order only becomes effective when the bankruptcy court disposes of the last such remaining foregoing appellant's 5/27/2017 motion is entered pursuant to the foregoing rules and authorities particularly since Bankruptcy Rule 8002 (b) is essentially identical to the foregoing Federal Appellate Rule. *Forba, supra.* Under the circumstances, appellant respectfully requests

this court inform the bankruptcy court the captioned appeal remains suspended pending the bankruptcy court's appropriate proceedings to finally decide appellant's presently pending foregoing motion filed 5/27/2017 pursuant to Rule 7052, 9023 or 9024 and/or direct the bankruptcy court to proceed with the disposition of appellant's motion pursuant to the foregoing rules and applicable decisions.

    WHEREFORE, appellant respectfully prays this Honorable Court dismiss or deny the court's show cause order and suspend the appeal pending the Bankruptcy Court's final disposition of appellant's foregoing motion filed 5/27/2017 and/or inform the Bankruptcy Court that the captioned appeal has been suspended until the Bankruptcy Court finally decides appellant's foregoing 5/27/2017 motion pursuant to the foregoing appellate and bankruptcy rules, authorities and applicable law and decisions.

                                                           Respectfully submitted,

                                      BY:/s/_____

                                                Robert J. Murphy, Esq.
                                                Pro Se

Robert J. Murphy, Esquire
Attorney I.D. No. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA  19041
610-896-5416
*Attorney Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert J. Murphy, | : | CIVIL ACTION |
| Appellant | : | NO. 17-02496 |
| v. | : | |
| Michelle Marinari, | : | |
| Debtor-in-Process | : | |

**CERTIFICATE OF SERVICE**

I, Robert Murphy, Esquire, Appellant, hereby certify that

**APPELLANT, ROBERT MURPHY'S, RESPONSE TO THE COURT'S RULE TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND PROVIDING THE COURT A STATUS UPDATE ENTERED JULY 17, 2018**

in the captioned matter has been electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania (Philadelphia) on July 19, 2018 in accordance with applicable law and rules and true and correct copies thereof were served via U.S. First Class Mail, Postage Prepaid on the below listed counsel for parties and below listed Chapter 13

1

Trustee and Acting United States Trustee on July 19, 2018:

William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 40119
Philadelphia, Pa 19106-0119

Andy Vara, Acting U.S. Trustee
Office of the United States Trustee
833 Chestnut Street, Suite 500,
Philadelphia, PA 19107

Michael A. Caltaldo, Esq.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

BY:/s/_____

Robert J. Murphy, Esquire
Pro Se