# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF:
IN RE: MICHELE MARINARI

CIVIL ACTION
NO. 17-00922; 17-02496

BANKRUPTCY
NOS. 14-19066; 15-00124

PAPPERT, J.                                    October 11, 2019

## MEMORANDUM

Michele Marinari filed for Chapter 13 bankruptcy. Robert Murphy, one of Marinari's creditors, filed an adversary proceeding against her and moved to convert her Chapter 13 case to one under Chapter 7. Without ruling on Murphy's motion or resolving his adversary proceeding, the Bankruptcy Court dismissed Marinari's Chapter 13 case on her request. It later denied Murphy's motion to reconsider the dismissal order. Murphy now appeals from those two orders. For the reasons that follow, the Court affirms the Bankruptcy Court's judgment in all respects.[1]

## I

In 2004, Murphy sued Marinari and her ex-husband in state court for fraudulent misrepresentation and for breaching a contract to restore his vintage automobile. *See* R., Vol. X, at 21–26 (State Ct. Compl., Ex. 1, Adversary Bankr. Doc. No. 1).[2] After her attorney withdrew from the case without telling her, Marinari failed to appear for several hearings, and the state court entered a default judgment against her and her

---

[1]    After examining the briefs and record, the Court finds that "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3).

[2]    The record on appeal includes documents from two proceedings: (1) Marinari's Chapter 13 case, Bankr. No. 14-19066; and (2) Murphy's adversary proceeding, Bankr. No. 15-00124. Both are "core proceedings." 28 U.S.C. § 157(b)(2).

ex-husband.  *See id.* at 32 (State Ct. J., Ex. 2, Adversary Bankr. Doc. No. 1); *id.*, Vol. IX,

at 47–48 (Order Denying Reconsideration, Ch. 13 Bankr. Doc. No. 151).

Ten years later, Marinari filed for Chapter 13 bankruptcy.  *See id.*, Vol. I, at 19–

24 (Ch. 13 Voluntary Pet., Ch. 13 Bankr. Doc. No. 1).  To ensure that this proceeding

did not discharge his judgment against her, Murphy filed an adversary complaint with

the Bankruptcy Court.[3]  *See id.*, Vol. X, at 116–33 (Am. Adversary Compl., Adversary

Bankr. Doc. No. 22).  He also moved to either dismiss Marinari's Chapter 13 proceeding

or convert it to a Chapter 7 proceeding.  *See id.*, Vol. I, at 128–29 (Mot. to Dismiss or

Convert, Ch. 13 Bankr. Doc. No. 25).  The Bankruptcy Court scheduled a hearing on the

conversion motion, but Murphy requested repeated continuances.  *See id.*, Vol. IX, at

49.  Before that hearing took place, Marinari filed an application to voluntarily dismiss

her Chapter 13 case under 11 U.S.C. § 1307(b).  *See id.*, Vol. VII, at 53 (Appl. to

Dismiss, Ch. 13 Bankr. No. 98).

The Bankruptcy Court initially dismissed Marinari's Chapter 13 case, but it

later granted Murphy's motion to reconsider.  *See id.*, Vol. VIII, at 50 (Order Granting

Mot. to Reconsider, Ch. 13 Bankr. Doc. No. 123).  It also ordered Murphy to file a brief

discussing "whether a debtor has an absolute right to dismissal under § 1307(b)."  *Id.*

Murphy chose instead to rely on his initial motion to reconsider rather than file another

brief.  *See id.* at 61 (Order Dismissing Ch. 13 Case, Ch. 13 Bankr. Doc. No.129).  At a

hearing, the Bankruptcy Court announced that it would treat Marinari's "application"

---

[3]	Although Murphy acted *pro se* before the Bankruptcy Court and on appeal, he is an attorney and thus not entitled to the liberal construction afforded non-lawyer *pro se* litigants.  *See* Aplt.'s Opening Br. at 45; R., Vol. XXIV, at 71 (Order Dismissing Ch. 13 Case, Bankr. Doc. No. 129); *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (explaining that "[c]ourts are more forgiving of pro se litigants" because of "their lack of legal training").

for dismissal as a formal motion to dismiss under § 1307(b); neither party objected. *See id.* at 61–62.

After the hearing, the Bankruptcy Court again dismissed Marinari's Chapter 13 case. It found that Murphy had forfeited his chance to request that the Court impose any conditions should it dismiss Marinari's Chapter 13 case.[4] *See id.* at 62 & n.2. The Court also found that Murphy had notice of and an opportunity to object to Marinari's application for dismissal. *See id.* at 61. It then determined that Marinari had an absolute right to dismiss her Chapter 13 case under § 1307(b). *See id.* at 62–66 & n.3. In dismissing the case, the Court—with Marinari's consent—ordered that, if Marinari filed for bankruptcy again within two years, Murphy's adversary case would pick up where it left off, just before the pretrial hearing. *See id.* at 67.

Murphy again moved for reconsideration. *See id.* at 81–113 (Second Mot. to Reconsider, Ch. 13 Bankr. Doc. No. 131). As before, he argued that dismissal under § 1307(b) was improper because Marinari had (1) neither formally moved nor served him with a motion to dismiss and (2) filed her Chapter 13 case in bad faith. *See id.* at 82–83, 93–94. Murphy also claimed that the Bankruptcy Court erred in dismissing the Chapter 13 case while his adversary proceeding and various motions for sanctions were pending. *See id.* at 96. Throughout the motion, Murphy alleged that Marinari (or the

---

[4]      It appears that just before the Bankruptcy Court dismissed the case Murphy sent a letter asking for "additional appropriate conditions including sanctions" against Marinari. R., Vol. VIII, at 59 (Letter, Ch. 13 Bankr. Doc. No. 128). Given Murphy's explicit refusal to ask the Bankruptcy Court to impose conditions during the hearing, this vague, last-minute request failed to preserve his objection to the conditions agreed to at the hearing. Had Murphy preserved his request for conditions, the Bankruptcy Court could have held an evidentiary hearing to determine if such conditions were necessary. *See id.*, Vol. VIII, at 62 n.2.

Bankruptcy Court) violated various constitutional and statutory provisions, though he provided no factual or legal support for those assertions. *See, e.g.*, *id.* at 87.

The Bankruptcy Court denied this second reconsideration motion after oral argument and supplemental briefing. *See id.*, Vol. IX, at 52–53. Though it struggled to understand Murphy's "somewhat incoherent" arguments, *id.* at 49 n.6, the Bankruptcy Court thoroughly addressed and rejected each proffered ground for reconsideration or vacatur, *see id.* at 53–64. As it had done earlier, the Court explained the varying views from other circuits on whether the right to dismissal under § 1307(b) is absolute or subject to a bad-faith exception; it added that Murphy's disagreement with its adherence to the absolute view was not grounds for reconsideration. *See id.* at 56–60. The Bankruptcy Court also found that: (1) "all motions for sanctions had been resolved," *id.* at 52 n.10; (2) Murphy caused the delay in consideration of his motion to convert, *see id.* at 60 n.18; (3) he forfeited both his right to request an evidentiary hearing on his allegations of bad faith, *see id.*, and any objection to the Court's treatment of Marinari's application for dismissal as a formal motion, *see id.* at 63 n.24; (4) Murphy made a "strategic decision to seek conversion" rather than ask for conditions on Marinari's dismissal, *id.* at 62; and (5) he had notice of and a hearing on Marinari's motion for dismissal, *see id.* at 63 n.24. Based on those findings, the Bankruptcy Court concluded that Murphy "failed to articulate any grounds which would justify reconsidering or vacating" the order dismissing Marinari's Chapter 13 case. *Id.* at 53.

II

Murphy now appeals the orders dismissing Marinari's Chapter 13 case and denying his second motion to reconsider.[5]  *See* (Am. Certificate of Appeal, ECF No. 7). He presents three questions for review, asking whether the Bankruptcy Court (1) erred by dismissing Marinari's Chapter 13 case under 11 U.S.C. § 1307(b); (2) abused its discretion by imposing inadequate conditions on the dismissal; and (3) erred by denying Murphy's second motion to reconsider.[6]  *See* Aplt.'s Opening Br. at 3–7.

District courts review final judgments of a bankruptcy court "under traditional appellate standards." *Stern v. Marshall*, 564 U.S. 462, 475 (2011).  Legal conclusions are reviewed *de novo*, "factual findings for clear error, and . . . exercises of discretion for abuse thereof." *In re Ross*, 858 F.3d 779, 783 (3d Cir. 2017).  When a party fails to preserve an issue, the district court reviews for plain error.  *See Forrest v. Parry*, 930 F.3d 93, 113 (3d Cir. 2019); *see also In re Walters*, 649 F. App'x 273, 275 (3d Cir. 2016) (unpublished) (noting that the plain-error "standard applies with respect to bankruptcy court proceedings").

A

Murphy first argues that the Bankruptcy Court erred by dismissing Marinari's Chapter 13 case under 11 U.S.C. § 1307(b).  *See* Aplt.'s Opening Br. at 24–31.  Though

---

[5]    Although Murphy filed a separate notice of appeal before the Bankruptcy Court ruled on his motion to reconsider, *see* R., Vol. VIII, at 132–35 (Notice of Appeal, Ch. 13 Bankr. Doc. No. 132), that notice was premature and thus did not deprive the Bankruptcy Court of jurisdiction, *see* Fed. R. Bankr. P. 8002(b).  It ripened once the Bankruptcy Court denied Murphy's motion to reconsider.  *See id.* 8002(b)(2).  Murphy's amended notice of appeal was timely, *see id.* 8002(b)(1), and effective to appeal both the order denying reconsideration and the underlying order dismissing Marinari's Chapter 13 case, *see id.* 8002(b)(2)–(3).  The Court has jurisdiction under 28 U.S.C. § 158(a)1) to hear this appeal.

[6]    Murphy purports to present four issues.  *See* Aplt.'s Opening Br. at 3–7.  The Court, however, cannot discern any distinction between what Murphy lists as his second and third issues presented.  *See id.* at 4–5.

difficult to follow, his argument seems to have three parts. First, Murphy claims that the Bankruptcy Court erred in ruling that Marinari had an absolute right to dismissal under § 1307(b). *See id.* at 24–29. Second, he posits that dismissal was improper because Marinari never formally moved to dismiss her Chapter 13 case. *See id.* at 29–30. Third, Murphy reasons that the Bankruptcy Court erred in dismissing the case without an evidentiary hearing and while his motions to convert and for sanctions were pending. *See id.* at 30. The Court rejects each argument.

1

Section 1307(b) says that a "court shall dismiss" a Chapter 13 proceeding "[o]n request of the debtor at any time, if the case has not been converted." Some courts read that language as granting "a debtor an 'absolute' right" to dismiss her Chapter 13 case. *In re Ross*, 858 F.3d at 754. That is, "if a debtor requests dismissal, then the court must dismiss; no exceptions."[7] *Id.* Other courts read § 1307(b) "to contain an exception that permits a bankruptcy court to delay ruling on a bad faith debtor's request for dismissal and instead first address a creditor's competing motion to dismiss the case or convert it to Chapter 7."[8] *Id.* Neither the Supreme Court nor the Third Circuit has taken up the issue. *See id.*

---

[7]    *See, e.g.*, *In re Barbieri*, 199 F.3d 616, 619 (2d Cir. 1999) (holding that § 1307(b) gives debtors "an absolute right to dismiss a Chapter 13 petition"); *In re Darden*, 474 B.R. 1, 7 (Bankr. D. Mass. 2012) ("[Section] 1307(b) gives a debtor an absolute right of dismissal."); *In re Williams*, 435 B.R. 552, 560 (Bankr. N.D. Ill. 2010) ("[A] bad-faith exception would directly conflict with § 1307(b)'s requirement that courts 'shall' dismiss a Chapter 13 case upon the debtor's request . . . ."); *In re Strunk*, No. 07-20758, 2007 WL 5171625, at *1 n.2 (Bankr. E.D. Pa. Nov. 6, 2007) (unpublished) ("Unlike a chapter 13 debtor, however, a chapter 7 debtor does not have an absolute right to voluntarily dismiss his chapter 7 case.").

[8]    *See, e.g.*, *In re Jacobsen*, 609 F.3d 647, 649 (5th Cir. 2010) (holding "that the right to dismiss under 11 U.S.C. § 1307(b) is subject to a limited exception for bad-faith conduct or abuse of the bankruptcy process"); *In re Rosson*, 545 F.3d 764, 773–74 (9th Cir. 2008) (same); *In re Molitor*, 76 F.3d 218, 220 (8th Cir. 1996) (same); *In re Fonke*, 310 B.R. 809, 814 (Bankr. S.D. Tex. 2004) ("[T]his

The Court agrees with the Bankruptcy Court that Marinari has an absolute right to a voluntary dismissal under § 1307(b).  *See* R., Vol. VIII, at 62.  Statutory interpretation begins and ends with what the text, taken in context, "says and fairly implies."  Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 16 (2012); *see also United States v. Davis*, 588 U.S. ----, 139 S. Ct. 2319, 2327 (2019).  Section 1307(b) says that a "court *shall* dismiss" the case on the debtor's request "if the case has not been converted."  11 U.S.C. § 1307(b) (emphasis added).  By using "shall" and "if"—rather than "only if"—Congress made dismissal mandatory unless the case has been converted.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (noting that "shall" "creates an obligation impervious to judicial discretion"); *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 334 (3d Cir. 2015) (explaining that "shall" combined with "only if"—as opposed to just "if"—creates "a necessary but not sufficient condition").  According to its plain meaning, § 1307(b) gives debtors an absolute right to dismiss their unconverted Chapter 13 proceedings.

Section 1307(b)'s context reinforces its plain meaning.  Congress wrote an explicit exception from mandatory dismissal for cases that had already been converted.  That exception counsels against reading in an exception for a debtor's bad faith or for cases with pending conversion motions.  *Cf. United States v. Brockamp*, 519 U.S. 347, 352 (1997) (warning against reading "unmentioned, open-ended, 'equitable exceptions'" into a statute with explicit exceptions).  So does Congress's declaration that "[a]ny waiver of the right to dismiss under [§ 1307(b)] is unenforceable."  11 U.S.C. § 1307(b).  Reading § 1307(b) as conferring debtors an absolute right to dismissal also furthers

---

Court agrees with those courts that have concluded that the right to dismissal is not absolute when there is a pending motion to convert or there are allegations of fraud or bad faith.").

7

Chapter 13's role as "[a] wholly voluntary alternative to Chapter 7." *Harris v. Viegelhan*, 575 U.S. ----, 135 S. Ct. 1829, 1835 (2015).

Abiding by § 1307(b)'s text does not make Chapter 13 a haven for unscrupulous debtors. In dismissing a Chapter 13 proceeding, a court does not discharge the debtor's debts; it restores the pre-bankruptcy status quo, and creditors may use other avenues to collect on the debt. And before the debtor's case is dismissed, creditors may move to convert the proceeding to one under Chapter 7. *See* 11 U.S.C. § 1307(c). Even after dismissal, creditors can initiate an involuntary Chapter 7 case against the debtor. *See id.* § 303. Although a debtor's right to dismiss under § 1307(b) is absolute, it need not be unconditional. Courts may, for example, impose appropriate filing restrictions when dismissing the debtor's case, *see In re Ross*, 858 F.3d at 785–86, or impose sanctions for bad-faith conduct, *see In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98–102 (3d Cir. 2008); 11 U.S.C. § 105. An absolute right to dismissal under § 1307(b) neither upsets "the equitable nature of bankruptcy" nor prohibits bankruptcy courts from "patrol[ling] the border between good- and bad-faith filings." *In re Forever Green Athletic Fields*, 804 F.3d at 334. In any event, a bankruptcy court's equitable powers "may not convene specific statutory provisions," such as § 1307(b). *Law v. Siegel*, 571 U.S. 415, 421 (2014).

*Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), does not compel a different conclusion. The provision there said a "debtor may convert a case under [Chapter 7] to a case under [Chapter 13]" so long as he is "a debtor under [Chapter 13]." 11 U.S.C. § 706. The question was whether this right was absolute or included a bad-faith exception. Two main considerations led the Supreme Court to hold

that a debtor's bad faith forfeited his right to convert his Chapter 7 proceeding to a one under Chapter 13. *See Marrama*, 549 U.S. at 371. First, the Court reasoned that, because only "honest" debtors may use Chapter 13, one who acts in bad faith is not "a debtor" under that chapter and thus ineligible for conversion. *Id.* at 374. Second, the Court noted that an absolute right to convert created a "procedural anomaly" obliging courts to convert bad-faith proceedings to Chapter 13 only to then dismiss or return it to Chapter 7 under § 1307(c). *Id.* at 368.

This case is different. Section 1307(b) says a "court *shall* dismiss" a Chapter 13 case on the debtor's request. 11 U.S.C. § 1307(b) (emphasis added). Section 706, by contrast, says a "debtor *may* convert." *Id.* § 706 (emphasis added). *Marrama* teaches that a debtor's bad faith precludes her from proceeding under Chapter 13. *See* 549 U.S. at 374. But here a debtor is trying to *dismiss* her Chapter 13 case, not gain entry to that chapter, so giving her an absolute right to do so does not undermine Chapter 13's purposes. *Cf. In re Forever Green Athletic Fields*, 804 F.3d at 335 (noting that an involuntary Chapter 7 proceeding "is an extreme remedy" and allowing "dismissal of bad-faith filings" alleviates the dangers for abuse). Nor does an absolute right to dismiss under § 1307(b) create a procedural anomaly.

Section 1307(b)'s text, taken in context, compels bankruptcy courts to dismiss a debtor's Chapter 13 case on request. This command does not undermine the equitable nature of bankruptcy; courts may still sanction bad-faith debtors or impose conditions when dismissing an abusive filing. The Court accordingly affirms the Bankruptcy Court's order dismissing Marinari's Chapter 13 case as § 1307(b) compelled.[9]

---

[9] Even if § 1307(b) had a bad-faith exception, that exception would apply only "to extraordinary cases"; it would also require Murphy to prove that Marinari acted in bad faith, "which

Murphy next argues that the dismissal was improper because Marinari never formally moved to dismiss her Chapter 13 proceeding. *See* Aplt.'s Opening Br. at 29–31; Fed. R. Bankr. P. 1017(f)(2) (requiring that requests for dismissal under "§ 1307(b) shall be on motion filed and served as required by Rule 9013"). As he points out, Marinari filed an "Application"—not a motion—for dismissal. R., Vol. VII, at 53. But the Bankruptcy Court told Murphy at a hearing "that it intended to treat [Marinari's] Application as a formal motion for dismissal." *Id.*, Vol. VIII, at 61. It also found that "Murphy had received electronic notice" of, responded to and had a hearing on Marinari's request for dismissal under § 1307(b). *Id.* Murphy never objected to the Bankruptcy Court's treatment of Marinari's application. *See id.*

Even if the Bankruptcy Court plainly erred, any such error did not affect Murphy's substantial rights. *See Forrest*, 930 F.3d at 113. Murphy knew of Marinari's application, had the chance to brief the issue, *see* R., Vol. VIII, at 50, and attended a hearing on the application, *see id.* at 61–62. He received more process than he was due.

---

means "the debtor's conduct must, in fact, be atypical." *Marrama*, 549 U.S. at 375 n.11. Other than Murphy's bald assertions, the twenty-four-volume record lacks any evidence that Marinari acted in bad faith. Even on appeal, Murphy offers little to support his claims of bad faith. *See generally* Aplt.'s Opening Br. At times, he mentions the Bankruptcy Court's delay in considering his motion to convert. *See, e.g.*, *id.* at 8–9. But the Bankruptcy Court found that Murphy himself caused that delay. *See* R., Vol. IX, at 63 n.24. Marinari, by contrast, has consistently explained that she filed and pursued her Chapter 13 petition in good faith. *See, e.g.*, Aplee.'s Resp. Br. at 1–2; R., Vol. X, at 154–56 (Answer to Am. Adversary Compl., Adversary Bankr. Doc. No. 26). Although the Bankruptcy Court never held an evidentiary hearing on his allegations of bad faith, Murphy forfeited his right to such a hearing; he also had many other hearings at which to support his allegations. *See id.*, Vol. IX, at 60 n.18. Absent that support and given Marinari's specific and plausible explanation that she acted in good faith, *see, e.g.*, *id.*, Vol. XXIV, at 42–44 (J. Pretrial Statement, Adversary Bankr. Doc. No. 107), the record shows that this is not one of the "extraordinary cases" to which a bad-faith exception would apply, *Marrama*, 549 U.S. at 375 n.11. The Court thus affirms the Bankruptcy Court's order dismissing Marinari's Chapter 13 case on this alternative ground. *See Bradley v. West Chester Univ.*, 880 F.3d 643, 650 (3d Cir.) (explaining that appellate courts "may affirm on any ground supported by the record"), *cert. denied* 139 S. Ct. 167 (2018); *United States v. Katzin*, 769 F.3d 163, 173 (3d Cir. 2014) (holding in the alternative).

*See In re Mills*, 539 B.R. 879, 884 & n.24 (Bankr. D. Kan. 2015) (citing Alan N. Resnick & Henry J. Sommer, 8 *Collier on Bankruptcy* § 1307.03 (16th ed. 2015)).  Any delay in the proceedings was Murphy's own doing.  *See* R., Vol. IX, at 60 n.18.  At bottom, Murphy cannot—and does not—plausibly claim that the Bankruptcy Court's supposed error in treating Marinari's application as a formal motion affected his substantial rights.[10]  *See* Aplt.'s Opening Br. at 29–31.

3

Murphy's third argument fails for similar reasons.  He claims that the Bankruptcy Court erred in dismissing Marinari's case without an evidentiary hearing on his allegations of bad faith and while his motions to convert and for sanctions were pending.  *See* Aplt.'s Opening Br. at 30.  Murphy forfeited his chance for an evidentiary hearing and does not show on appeal how the non-evidentiary hearing he did receive was inadequate.  *See* R., Vol. IX, at 60 n.18; *see generally* Aplt.'s Opening Br.  The Bankruptcy Court resolved his various motions for sanctions.  *See id.* at 52 n.10.  And that Murphy's motion to convert was pending is irrelevant because § 1307(b) gave Marinari an absolute right to dismissal unless her proceeding had already been converted.  *See* 11 U.S.C. § 1307(b).  In other words, there is either no error for Murphy to complain of, and any error that might exist was harmless.

B

In dismissing the Chapter 13 case, the Bankruptcy Court ordered that, if Marinari filed another bankruptcy case within two years, Murphy's adversary case

---

[10]    Even under *de novo* review, Murphy's argument fails because any error was harmless.  *See* Fed. R. Bankr. P. 9005; Fed. R. Civ. P. 61; *New York City Shoes, Inc. v. Best Shoe Corp.*, 106 B.R. 58, 62 (E.D. Pa. 1989) (affirming bankruptcy court order because "[e]ven if the bankruptcy court erred . . . the error was harmless").

would pick up where it left off, just before the pretrial hearing. R., Vol. VIII, at 67. Murphy argues that the Bankruptcy Court abused its discretion by imposing these conditions, which he deems inadequate. *See* Aplt.'s Opening Br. at 31–39. Because Murphy made a "strategic decision to seek conversion" rather than ask for conditions on Marinari's dismissal before the Bankruptcy Court, R., Vol. IX, at 62, the Court reviews for plain error.

Even if the conditions were plainly erroneous, they did not affect Murphy's substantial rights. As it stands, Murphy may try to collect on his judgment against Marinari; he is no worse off than he was before Marinari filed for Chapter 13 bankruptcy. *Cf. In re Ross*, 858 F.3d at 786 (holding that an indefinite filing injunction was too harsh *on the debtor*). Any suggestion that the imposed conditions infringed Murphy's Fifth Amendment (presumably due process) rights is baseless; he had chance after chance to support his allegations of bad faith, brief the issue and request further hearings or more stringent conditions. *See, e.g.*, Aplt.'s Opening Br. at 38–39. The imposed conditions certainly did not squander Murphy's "time and effort," *id.* at 36, because his adversary proceeding will pick up where it left off if Marinari files another bankruptcy petition within two years, *see* R., Vol. VIII, at 67. And as discussed above, neither the lack of an evidentiary hearing nor Marinari's failure to file a formal motion affected Murphy's substantial rights. *See* Aplt.'s Opening Br. at 37–38 (reprising these arguments).

## C

After the Bankruptcy Court dismissed Marinari's Chapter 13 case, Murphy moved to reconsider or vacate that order under Federal Rules of Civil Procedure 52(b), 59(e) and 60(b). *See* R., Vol. VII, at 81; Fed. R. Bankr. P. 7052, 9023, 9024 (adopting

those rules in bankruptcy proceedings). The Bankruptcy Court denied the motion. *See* R., Vol. IX, at 47–64. The Court reviews that denial for abuse of discretion but the "underlying legal determinations de novo and factual determinations for clear error."[11] *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010). Murphy's attacks on the order denying reconsideration duplicate those he made against the order dismissing Marinari's Chapter 13 case. *See* Aplt.'s Opening Br. at 39–44. Having already addressed those arguments, the Court affirms the Bankruptcy Court's order denying reconsideration for the reasons expressed above and those detailed in the Bankruptcy Court's thorough opinion.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[11] *See also Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 448–49 (3d Cir. 2018) (Rule 60(b)); *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (Rule 59); *Roadmaster (USA) Corp. v. Calmodal Freight Sys., Inc.*, 153 F. App'x 827, 829 (3d Cir. 2005) (unpublished) (Rule 52(b)).